# EXHIBIT "A"

NOTICE OF REMOVAL FROM STATE COURT

Ryan Skiver, State Bar No. 024552
Kellen Bradley, State Bar No. 030055
**SKIVER BRADLEY, PLLC**
3943 East Whitton Avenue
Phoenix, Arizona 85018
Tel: (480) 626-1667
Fax: (480) 482-7285
rskiver@skiverbradley.com
kbradley@skiverbradley.com
minuteentries@skiverbradley.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| DEMETRIUS IVEY, individually, | Case No.: CV2024-008483 |
| Plaintiff, | **COMPLAINT** |
| v. | (Negligence – Tort – Motor Vehicle) |
| AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign limited liability company; AMAZON.COM SERVICES, INC., a foreign corporation; AMAZON LOGISTICS, INC. a foreign corporation; AMAZON TRANSPORTATION SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., a foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a foreign corporation; MOHAMMED SALAAD AHMED and JANE DOE AHMED, husband and wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and WHITE CORPORATIONS I-X, | |
| Defendants. | |

Plaintiff Demetrius Ivey (hereinafter "Plaintiff" or "Mr. Ivey"), by and through undersigned counsel, for his complaint against Defendants Amazon.com Inc., Amazon.com LLC, and Amazon.com Services, Inc., Amazon Logistics, Inc., Amazon Transportation Services, Inc., Amazon Fulfillment Service, Inc., Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed and Jane Doe Ahmed (hereinafter "Defendants") states and alleges as follows:

## DAMAGE TIER

1.     Plaintiff alleges his damages are such that qualify for discovery under Tier 3 of the Arizona Rules of Civil Procedure 26.2.

## PREFACE

2.     This case involves a dangerous trucking company whose conduct fell below industry standards by not having or enforcing adequate policies, practices, and procedures to qualify, train, and supervise its drivers, allowing a dangerous driver to drive their commercial truck under their authority which led to its driver's dangerous lane change while driving, resulting in a violent collision.

3.     The collision occurred on the Interstate 10 exit ramp, in Phoenix, Arizona on December 12, 2022, at 5:30 a.m. when a trailer owned by Amazon Defendants was being pulled by a commercial truck-tractor owned by Defendant Solid Road Express LLC dba SGM Logistic and operated by Defendant Mohammed Salaad Ahmed who drove the commercial motor vehicle on a roadway and failed to drive the commercial vehicle entirely within a single lane and moved the commercial vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

4.     Plaintiff is a member of the traveling public, was in the vehicle Defendants collided with, and sustained significant injuries and damages as a result of the commercial motor vehicle collision.

## PARTIES, JURISDICTION & VENUE

5.     Plaintiff is, and was at all times relevant, a resident of the State of Arizona.

6. Upon information and belief, at all times relevant, Defendants Amazon.com Inc., Amazon.com LLC, Amazon.com Services, Inc., Amazon Logistics, Inc., Amazon Transportation Services, Inc., Amazon Fulfillment Service, Inc., Solid Road Express LLC dba SGM Logistic (hereinafter "Amazon Defendants") are foreign corporations and a limited liability company existing under the laws of the State of Delaware with principal places of business in the State of Washington, and they are authorized to and do transact business in the State of Arizona.

7. Upon information and belief, at all times relevant, Defendant Solid Road Express LLC dba SGM Logistic is a foreign corporation existing under the laws of the State of Ohio with a principal place of business in the State of Ohio.

8. At all times relevant, Defendants, and each of them, were authorized and did conduct business in Arizona.

9. Defendant Solid Road Express LLC dba SGM Logistic's statutory agent is located at 4030 Mt Carmel Tobasco Road, Cincinnati, Ohio 45255.

10. Defendant Solid Road Express LLC dba SGM Logistic operates under United States Department of Transportation (USDOT) number 3929764.

11. Defendant Solid Road Express LLC dba SGM Logistic is at all times relevant engaged in interstate commerce as a commercial motor carrier subject to the Federal Motor Carrier Safety Administration (FMCSA) Rules and Regulations as well as Commercial Motor Vehicle Rules of the Road of the State of Arizona.

12. At all times material to this action, Defendant Mohammed Salaad Ahmed was a truck driver, driving for Defendant Solid Road Express LLC dba SGM Logistic.

13. Upon information and belief, Defendant Mohammed Salaad Ahmed resides in the State of Arizona, and at all times relevant was married to Jane Doe Ahmed. Plaintiff may ask leave of this Court to amend this Complaint to insert the true name of Defendant Jane Doe Ahmed when it becomes known to Plaintiff.

14. At that time, and all relevant times, Defendant Mohammed Salaad Ahmed was acting in the course and scope of his employment with Solid Road Express LLC dba SGM Logistic, as its agent and employee such that Defendant Solid Road Express LLC

3

dba SGM Logistic, is liable for Defendant Mohammed Salaad Ahmed's acts and omissions under principles of agency law, vicarious liability, and *respondeat superior*.

15.    At all relevant times, each of the Defendants, including Amazon.com Inc., Amazon.com LLC, Amazon.com Services, Inc., Amazon Logistics, Inc., Amazon Transportation Services, Inc., Amazon Fulfillment Service, Inc., Solid Road Express LLC dba SGM Logistic, Mohammed Salaad Ahmed, Jane Doe Ahmed, John Does I-X, Jane Does II-X, Black Corporations I-X; and White Corporations I-X was the agent, servant, partner, alter-ego, joint venturer, employee and/or franchisee of each of the other defendants, and each was at all relevant times acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

| | |
|---|---|
| Entity Type: | CARRIER |
| Operating Status: | AUTHORIZED FOR Property     Out of Service Date: None |
| Legal Name: | SOLID ROAD EXPRESS LLC |
| DBA Name: | |
| Physical Address: | 4030 MT CARMEL TOBASCO RD CINCINNATI, OH 45255 |
| Phone: | (224) 301-6488 |
| Mailing Address: | 4030 MT CARMEL TOBASCO RD CINCINNATI, OH 45255 |
| USDOT Number: | 3929764     State Carrier ID Number: |
| MC/MX/FF Number(s): | MC-1456138     DUNS Number: -- |
| Power Units: | 1     Drivers: 1 |
| MCS-150 Form Date: | 12/15/2022     MCS-150 Mileage (Year): 5,000 (2021) |

**Operation Classification:**

| | | |
|---|---|---|
| X Auth. For Hire | Priv. Pass.(Non-business) | State Gov't |
| Exempt For Hire | Migrant | Local Gov't |
| Private(Property) | U.S. Mail | Indian Nation |
| Priv. Pass. (Business) | Fed. Gov't | |

**Carrier Operation:**

| | | |
|---|---|---|
| X Interstate | Intrastate Only (HM) | Intrastate Only (Non-HM) |

**Cargo Carried:**

| | | |
|---|---|---|
| X General Freight | Liquids/Gases | Chemicals |
| Household Goods | Intermodal Cont. | Commodities Dry Bulk |
| Metal: sheets, coils, rolls | Passengers | Refrigerated Food |
| Motor Vehicles | Oilfield Equipment | Beverages |
| Drive/Tow away | Livestock | Paper Products |
| Logs, Poles, Beams, Lumber | Grain, Feed, Hay | Utilities |
| Building Materials | Coal/Coke | Agricultural/Farm Supplies |
| Mobile Homes | Meat | Construction |
| Machinery, Large Objects | Garbage/Refuse | Water Well |
| Fresh Produce | US Mail | |

16.    Upon information and belief, at all times relevant, Defendant Solid Road Express LLC dba SGM Logistic, employed Defendant Mohammed Salaad Ahmed to haul freight.

17.    Upon information and belief, at all times relevant, Amazon Defendants employed Defendant Mohammed Salaad Ahmed to haul freight.

18.    Defendant Mohammed Salaad Ahmed was the operator of a white 2018 Freightliner commercial truck-tractor, bearing Illinois license plate "P1167233" with Vehicle Identification Number (VIN) 3AKJHHDR1JSJR2093 (hereinafter "Commercial Truck"), which was owned by Defendant Solid Road Express LLC dba SGM Logistic.

19.    At all times relevant, Defendant Mohammed Salaad Ahmed was pulling a commercial trailer with Idaho License Plate "TL9480" (hereinafter "Commercial Trailer"), which bore the "Amazon" logo and was owned by Amazon Defendants.

20.    All acts of Defendant Mohammed Salaad Ahmed were done for and on behalf of himself, individually, the community comprised of himself and Jane Doe Ahmed, and/or in his capacity as an operator of the subject Commercial Truck.



21.     Defendants are all separately comparatively negligent for their own, separate negligent acts and/or omissions.

22.     Pursuant to *Arizona Revised Statutes § 12-2506*, the negligent acts and/or omissions of each Defendant must be compared to the negligent acts and/or omissions of every other Defendant to determine the Defendants' relative degrees of fault.

23.     Amazon Defendants were properly served with process in this civil action.

24.     Defendant Solid Road Express LLC dba SGM Logistic, was properly served with process in this civil action.

25.     Defendant Mohammed Salaad Ahmed was properly served with process in this civil action.

26.     The court has jurisdiction over this matter, and venue is proper.

## THE IMPORTANCE OF SAFETY
## IN THE COMMERCIAL TRUCKING INDUSTRY

27.     About 5,000 people were killed and nearly 147,000 injured in crashes with large trucks in 2020 alone. (National Highway Traffic Safety Administration ("NHTSA"), Overview of Motor Vehicle Crashes in 2020, Mar. 2022.) Fatalities involving large trucks have increased more than 30% on a national level.

28.     "[I]t is in the public interest to enhance commercial motor vehicle safety and thereby reduce highway fatalities, injuries, and property damage." (49 U.S.C. § 31131(b)(1).) "[I]mproved, more uniform commercial motor vehicle safety measures and strengthened enforcement would reduce the number of fatalities and injuries and the level of property damage related to commercial motor vehicle operations." (49 U.S.C. § 31131(b)(2).)

29.     More than twenty years ago, when the fatality and injury rates were close to what they are today, Congress found "[t]he current rate, number, and severity of crashes involving motor carriers in the United States are unacceptable." (Pub. L. 06–159, § 3, Dec. 9, 1999, 113 Stat. 1749.) Congress also determined that the "number of Federal and State commercial motor vehicle and operator inspections is insufficient and civil penalties for violators must be utilized to deter future violations." (Ibid.) In passing

the Motor Carrier Safety Improvement Act of 1999 ("MCSIA"), Congress intended "to reduce the number and severity of large-truck involved crashes through more commercial motor vehicle and operator inspections and motor carrier compliance reviews, stronger enforcement measures against violators, expedited completion of rulemaking proceedings, scientifically sound research, and effective commercial driver's license testing, recordkeeping and sanctions."

30. Pursuant to MCSIA, the Federal Motor Carrier Safety Administration (FMCSA) was established within the Department of Transportation on January 1, 2000. (49 U.S.C. 113). "In carrying out its duties, the [FMSCA] shall consider the assignment and maintenance of safety as the highest priority, recognizing the clear intent, encouragement, and dedication of Congress to the furtherance of the highest degree of safety in motor carrier transportation." (49 U.S.C. § 113(b).) The FMCSA's primary mission is to prevent commercial motor vehicle-related fatalities and injuries involving large trucks and buses. Activities of the FMCSA contribute to ensuring safety in motor carrier operations through strong enforcement of safety regulations; targeting high-risk carriers and commercial motor vehicle drivers; improving safety information systems and commercial motor vehicle technologies; strengthening commercial motor vehicle equipment and operating standards; and increasing safety awareness. The FMCSA provides States with financial assistance for roadside inspections and other commercial motor vehicle safety programs. In carrying out its safety mandate to reduce crashes, injuries, and fatalities involving large trucks and buses, the FMCSA (1) develops and enforces data-driven regulations that balance motor carrier (truck and bus companies) safety with efficiency; (2) harnesses safety information systems to focus on higher risk carriers in enforcing the safety regulations; (3) targets educational messages to carriers, commercial drivers, and the public; and (4) partners with stakeholders including Federal, State, and local enforcement agencies, the motor carrier industry, safety groups, and organized labor on efforts to reduce bus and truck-related crashes.

31. The FMCSA has taken several steps that emphasize the importance of safety in the commercial truck driving industry. For example, beginning in December

2011, the FMCSA established the Safety Measurement System (SMS) to evaluate motor carrier safety compliance in Behavior Analysis and Safety Improvement Categories (BASICs). Some of the most relevant BASICs are Unsafe Driving; Hours-of-Service Compliance; Driver Fitness; Vehicle Maintenance; and a Crash Indicator. The SMS grouped carriers on the number of recorded events (e.g., safety inspections with violations) during a two-year period. Once divided into groups, carriers in each group were ranked from lowest to highest in terms of the number of safety violations and the severity weight of each violation. Carriers in each group were assigned percentile scores from 1 to 100, with lower numbers indicating fewer violations. The BASIC percentile scores are calculated and made available to each carrier. Shippers and brokers can request carriers to make their BASIC percentile scores available for them to review.

32. The FMCSA has established the New Entrant Safety Assurance Program, which monitors motor carriers' compliance with safety regulations for their first 18 months after receiving operating authority. Motor carriers must undergo a safety audit within the first 12 months of their operations to complete the New Entrant Program. A "New Entrant" is an entity with motor carrier authority that has not yet undergone a safety audit with the FMCSA. A Safety Audit performed by the FMCSA is a review of a motor carrier's records designed to verify that a carrier has basic safety management controls in place to ensure compliance with applicable Federal Motor Carrier Safety Regulations (FMCSRs), Hazardous Materials Regulations (HMRs), and related record-keeping requirements. During the Safety Audit, carriers will be asked to submit documentation which verifies that they have established effective safety management controls. Carriers will be notified of all violations found during a Safety Audit and provided an explanation of how to address their safety problems. Some violations are deemed egregious enough to cause the carrier to automatically fail the Safety Audit.

33. The FMCSA has also promulgated a safety fitness regulation, entitled "Safety Fitness Procedures," which established a procedure to determine the safety fitness of motor carriers through the assignment of safety ratings, and established a "safety fitness standard" which a motor carrier must meet to obtain a satisfactory safety

rating. The safety rating process developed by FMCSA is used to evaluate safety fitness and assign one of three safety ratings to motor carriers operating in interstate commerce: (1) satisfactory, (2) conditional, or (3) unsatisfactory. However, New Entrants who have not yet undergone their audit under the New Entrant Safety Assurance Program are "not rated." At the time a New Entrant receives their motor carrier authority, there often has been no inspection that confirms the New Entrant has adequate policies and procedures in place to prevent the risks associated with unsafe and fatigued driving. As a result, under industry custom and practice, reasonably safe entities investigate a New Entrant, performing their own audits, prior to utilizing those companies to haul cargo on their behalf.

34.     In the commercial truck driving industry, there is often a shipper, broker, and motor carrier involved in the shipment of goods. A "shipper" is the person or company who is responsible for preparing a shipment to turn over to a motor carrier for transport. A "broker" is a person who, for compensation, arranges the transportation of property by an authorized motor carrier. A "motor carrier" is a person providing motor vehicle transportation for compensation.

35.     Congress took steps to define the broker's role with the passage of Moving Ahead for Progress in the 21st Century Act ("MAP–21"). The portion of MAP–21 that applies to the trucking industry was known in the legislative process as "Fighting Fraud in Transportation Act of 2011." MAP–21 separates brokering – arranging for the transportation of freight – from motor carriage. The law also made illegal traditional "truck brokering," in which one motor carrier hired another motor carrier on a load-by-load basis. Under MAP–21, brokers who act or hold themselves out to the public as a "motor carrier" while brokering are as liable as the motor carrier in any loss, during the act of transportation. This prohibition on motor carrier brokering is vital to safety because it prevents motor carriers from brokering shipments to unqualified drivers.

36.     To ensure adequate financial responsibility in the event of loss, MAP–21 expanded liability for injuries or damages to anyone in the chain of illegal brokering. "Any person who knowingly authorizes, consents to, or permits, directly or indirectly,

either alone or in conjunction with any other person, a violation of subsection (a) [prohibiting unlawful brokerage services] is liable . . . to the injured party for all valid claims incurred without regard to amount." (49 USC § 14916(c)(2).) "The liability for civil penalties and for claims under this section for unauthorized brokering shall apply, jointly and severally [ ] to any corporate entity or partnership involved; and to the individual officers, directors, and principals of such entities." (49 USC § 14916(d).)

37. The Federal Regulations provide that "a person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle." "A motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle." The regulations define a person as being qualified to drive a commercial motor vehicle if he/she (1) Is at least 21 years old; (2) Can read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquiries, and to make entries on reports and records; (3) Can, by reason of experience, training, or both, safely operate the type of commercial motor vehicle he/she drives; (4) Is physically qualified to drive a commercial motor vehicle; (5) Has a currently valid commercial motor vehicle operator's license issued only by one State or jurisdiction; (6) Is not disqualified to drive a commercial motor vehicle under the rules in § 391.15; and (7) Has successfully completed a driver's road test and has been issued a certificate of driver's road test in accordance with § 391.31, or has presented an operator's license or a certificate of road test which the motor carrier that employs him/her has accepted as equivalent to a road test in accordance with § 391.33. (49 CFR § 391.11)

38. A person shall not drive a commercial motor vehicle unless he/she has completed and furnished the motor carrier that employs him with an application for employment that contains certain information, including but not limited to the following: (1) The name and address of the employing motor carrier; (2) The applicant's name, address, date of birth, and social security number; (3) The addresses at which the applicant has resided during the 3 years preceding the date on which the application is

submitted; (4) The date on which the application is submitted; (5) The issuing driver's licensing authority, number, and expiration date of each unexpired commercial motor vehicle operator's license or permit that has been issued to the applicant; (6) The nature and extent of the applicant's experience in the operation of motor vehicles, including the type of equipment (such as buses, trucks, truck tractors, semitrailers, full trailers, and pole trailers) which he/she has operated; (7) A list of all motor vehicle accidents in which the applicant was involved during the 3 years preceding the date the application is submitted, specifying the date and nature of each accident and any fatalities or personal injuries it caused; (8) A list of all violations of motor vehicle laws or ordinances (other than violations involving only parking) of which the applicant was convicted or forfeited bond or collateral during the 3 years preceding the date the application is submitted; and (9) A statement setting forth in detail the facts and circumstances of any denial, revocation, or suspension of any license, permit, or privilege to operate a motor vehicle that has been issued to the applicant, or a statement that no such denial, revocation, or suspension has occurred. (49 CFR § 391.21)

39. In sum, it is vital that those involved in the shipment of goods in interstate commerce – including shippers, brokers, and motor carriers – understand the identity of who is delivering their goods, as well as their qualifications, work experience, and any history of vehicle accidents and violations of motor vehicle laws.

**AMAZON DEFENDANTS DEVELOPED A SYSTEM THAT USES A VAST NETWORK OF UNQUALIFIED AND UNVETTED MOTOR CARRIERS AND DRIVERS THAT PRIORITIZES PROFITS OVER PUBLIC SAFETY**

40. One of the largest retailers in the world, Amazon ships millions of items each day to consumers who purchased its goods online. Amazon Prime, a subscription service which promises, inter alia, expedited free shipping, has increased Amazon's demand for rush shipping and delivery. To keep up with this demand, Amazon built its own logistics network to control the vulnerable delivery timetable.

41. Amazon Defendants formed Defendant Amazon Logistics, Inc. (hereinafter "Amazon") as the entity tasked with building and running the logistics

network that would fulfill the promises of expedited and rushed shipping and delivery.

42.     Amazon has both motor carrier and broker authority with the FMCSA under DOT number 2881058. Amazon employs 34,974 drivers and owns a fleet of 15,599 trucks. But in an effort to increase profits to the detriment of public safety, Amazon has not hired a sufficient amount of well-trained and qualified drivers to fulfill its promises for rushed and expedited shipping and delivery. To the contrary, in the interest of maximizing profits, Amazon developed the Amazon Relay Program, where it hires unqualified and unvetted motor carriers and drivers to deliver goods across the country as Amazon Relay Carriers.

43.     Amazon publicly proclaims that "Amazon Relay enables *experienced*, *reliable* carriers to tap into our network, technology, and *safety-first culture* to build and grow their transportation businesses." (emphasis added) However, the motor carriers Amazon hires to haul its goods throughout the country are neither "experienced" nor "reliable," and Amazon has anything but a "safety-first culture."

44.     To the contrary, Amazon knows that the majority of motor carriers do not have a safety rating. When considering a motor carrier's application to the Amazon Relay Program, Amazon does not consider (1) how long the motor carrier has had operating authority; (2) that the company has not undergone a safety audit with the FMCSA; or (3) that the company does not have a safety rating with the FMCSA. The result is that Amazon hires companies that are "New Entrants" that have not been audited by the FMCSA, have no safety rating, and are neither experienced nor reliable.

45.     It has been documented that trucking contractors that worked frequently for Amazon were more than twice as likely as all other similar companies to receive unsafe driving scores. It was further reported that data shows that companies that haul Amazon's freight are systematically more likely to have poor safety scores, and that as Amazon ramped up its freight effort, it used trucking companies with repeat safety violations.

/ / /

## **GENERAL ALLEGATIONS**

46.     Plaintiff incorporates and re-alleges each preceding paragraph as if fully set forth herein.

47.     At all times relevant, Amazon Defendants implement policies that directly prioritize profits over safety.

48.     At all times relevant, Defendants, and each of them, had control over this equipment and property.

49.     At all times relevant, Amazon Defendants failed to include proper safety equipment on the Commercial Truck to eliminate, prevent or reduce the risk of harm.

50.     Defendant Mohammed Salaad Ahmed was an employee driver of Defendant Solid Road Express LLC dba SGM Logistic.

51.     Defendant Solid Road Express LLC dba SGM Logistic has a duty to write, create or otherwise enact and have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including hiring qualified drivers, drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards.

52.     In the morning of December 12, 2022, a Commercial Trailer owned by Amazon Defendants was being pulled by a Commercial Truck owned by Defendant Solid Road Express LLC dba SGM Logistic and operated by Defendant Mohammed Salaad Ahmed, travels eastbound on the Interstate 10 with a posted speed limit of sixty-five (65) miles per hour exiting the off-ramp near mile post-144 in the number three (3) lane approaching its intersection with 7th Avenue in Phoenix, Arizona.

53.     At all relevant times, Defendant Mohammed Salaad Ahmed acts in the course and scope of his employment and/or agency with Amazon Defendants.

54.     At all relevant times, Defendant Mohammed Salaad Ahmed acts in the course and scope of his employment and/or agency with Defendant Solid Road Express LLC dba SGM Logistic.

55. Defendant Mohammed Salaad Ahmed chooses not to maintain the Commercial Truck in a safe working order.

56. Defendant Mohammed Salaad Ahmed chooses not to perform a proper inspection of the Commercial Truck.

57. Defendant Mohammed Salaad Ahmed chooses not to perform a proper visual search around the Commercial Truck.

58. Defendant Mohammed Salaad Ahmed chooses not to exercise reasonable care for the protection of others on the highway.

59. Defendant Mohammed Salaad Ahmed chooses not to pay attention to the traffic travelling around him including a vehicle driving beside him in the adjacent lane and same direction as Defendant Mohammed Salaad Ahmed.

60. Defendant Mohammed Salaad Ahmed chooses not to drive the Commercial Truck entirely within a single lane.

61. Defendant Mohammed Salaad Ahmed chooses to move the Commercial Truck from the number three (3) lane attempting to make a right turn without first ascertaining that the movement can be made with safety.

62. Defendant Mohammed Salaad Ahmed collides the Commercial Truck into the driver's side of the vehicle stopped in the number four (4) lane.

63. The driver of the vehicle is Plaintiff Demetrius Ivey.

64. As a result of the crash, Plaintiff suffered serious injuries and damages, requiring extensive medical treatment.

65. Defendants knew or should have known that their conduct and choice not to use reasonable care foreseeably and predictably could cause severe harm and lacked precautions to eliminate, prevent or reduce the risk of harm.

66. The force of Defendants' Commercial Truck crash was a cause of Plaintiff's severe injuries, requiring immediate medical treatment.

///
///

# NEGLIGENT HIRING

## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

67. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

68. Defendant Solid Road Express LLC dba SGM Logistic, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

69. Defendant Solid Road Express LLC dba SGM Logistic had an independent and direct duty to hire employees who were competent to operate commercial vehicles and understood and adhered to basic principles of safety.

70. Defendant Solid Road Express LLC dba SGM Logistic, failed in the above-mentioned duties and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the Commercial Truck entirely within a single lane and moving the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

71. Defendant Solid Road Express LLC dba SGM Logistic act of negligent hiring is individually and/or combined a proximate cause of Plaintiff's injuries because it is foreseeable that failing to act reasonably and safely in its hiring practices would cause harm to others, including Plaintiff.

72. Defendant Solid Road Express LLC dba SGM Logistic, negligent hiring directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

/ / /

/ / /

# NEGLIGENT TRAINING
## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

73. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

74. Defendant Solid Road Express LLC dba SGM Logistic, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

75. Defendant Solid Road Express LLC dba SGM Logistic, had an independent and direct duty to act reasonably and safely in training its employees, including Defendant Mohammed Salaad Ahmed.

76. Defendant Solid Road Express LLC dba SGM Logistic, has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

77. Defendant Solid Road Express LLC dba SGM Logistic has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

78. Defendant Solid Road Express LLC dba SGM Logistic has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance.

79. Defendant Solid Road Express LLC dba SGM Logistic knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in training Defendant Mohammed Salaad Ahmed.

80. Defendant Solid Road Express LLC dba SGM Logistic chose not to properly train its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort

against Plaintiff by failing to drive the vehicle entirely within a single lane and moving the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

81. Defendant Solid Road Express LLC dba SGM Logistic's act of negligent training is individually and/or combined a direct cause of Plaintiff's injuries because but for Defendant Solid Road Express LLC dba SGM Logistic's failure to act reasonably and safely in training Defendant Mohammed Salaad Ahmed, Plaintiff would not have been injured.

82. Defendant Solid Road Express LLC dba SGM Logistic's act of negligent training is individually and/or combined a proximate cause of Plaintiff's injuries because it is foreseeable that failing to act reasonably and safely in its training practices would cause harm to others, including Plaintiff.

83. Defendant Solid Road Express LLC dba SGM Logistic's negligent training directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT SUPERVISION & RETENTION
## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

84. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

85. Defendant Solid Road Express LLC dba SGM Logistic, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent, or reduce the risk of foreseeable injury or damage to others on or near the road.

86. Defendant Solid Road Express LLC dba SGM Logistic had an independent and direct duty to act reasonably and safely in supervising its employees, including Defendant Mohammed Salaad Ahmed.

87. Defendant Solid Road Express LLC dba SGM Logistic has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

88. Defendant Solid Road Express LLC dba SGM Logistic has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

89. Defendant Solid Road Express LLC dba SGM Logistic has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards.

90. Defendant Solid Road Express LLC dba SGM Logistic knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in supervising Defendant Mohammed Salaad Ahmed.

91. Defendant Solid Road Express LLC dba SGM Logistic knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in retaining Defendant Mohammed Salaad Ahmed.

92. Defendant Solid Road Express LLC dba SGM Logistic chose not to supervise and enforce its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the vehicle entirely within a single lane and moved the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

93. Defendant Solid Road Express LLC dba SGM Logistic's breach of its duties regarding retention and supervision are each individually and/or combined a direct cause of Plaintiff's injuries because but for Defendant Solid Road Express LLC

dba SGM Logistic's failure to act reasonably and safely in supervising and retaining Defendant Mohammed Salaad Ahmed, Plaintiff would not have been injured.

94. Defendant Solid Road Express LLC dba SGM Logistic's negligent supervision and retention of its employees directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT MAINTENANCE
### DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

95. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

96. Defendant Solid Road Express LLC dba SGM Logistic had a duty to inspect, repair, and maintain the motor vehicles in its fleet.

97. Upon information and belief, Defendant Solid Road Express LLC dba SGM Logistic failed in the above-mentioned duties and violated state and federal statutes and regulations.

98. Defendant Solid Road Express LLC dba SGM Logistic's statutory violations directly and proximately caused Plaintiff injuries and damages, which have caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

99. Defendant Solid Road Express LLC dba SGM Logistic is negligent *per se* based on these statutory and regulatory violations.

## NEGLIGENT ENTRUSTMENT
### DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

100. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

101. Defendant Solid Road Express LLC dba SGM Logistic had a duty to entrust its equipment only to drivers who had been trained in the safe operation of that

equipment and who were competent in that operation.

102.    Defendant Solid Road Express LLC dba SGM Logistic had a duty to entrust its Commercial Truck only to drivers who were healthy enough to keep a safe lookout and safely operate their Commercial Truck.

103.    Defendant Solid Road Express LLC dba SGM Logistic breached its duty when it entrusted its Commercial Truck to a driver who did not have the requisite knowledge and training.

104.    Defendant Solid Road Express LLC dba SGM Logistic's negligent entrustment directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## RESPONDEAT SUPERIOR
## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

105.    Plaintiff reincorporates each re-alleges each preceding paragraph as if fully set forth herein.

106.    Defendant Solid Road Express LLC dba SGM Logistic was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Solid Road Express LLC dba SGM Logistic was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

107.    At all relevant times, Defendant Mohammed Salaad Ahmed was/is an employee, agent, servant, or independent contractor for Defendant Mohammed Salaad Ahmed, and was acting within the course and scope of his employment, under the direct control of Defendant Solid Road Express LLC dba SGM Logistic.

108.    At the time of the subject collision, Defendant Mohammed Salaad Ahmed was operating a commercial vehicle under dispatch and under the authority granted to Defendant Solid Road Express LLC dba SGM Logistic by the Federal Motor carrier Safety Administration.

109.   Accordingly, Defendant Solid Road Express LLC dba SGM Logistic is vicariously liable for the negligent actions and omissions of Defendant Mohammed Salaad Ahmed under the doctrine of *Respondeat superior* and/or the rules of agency.

## NEGLIGENT HIRING
## AMAZON DEFENDANTS

110.   Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

111.   Amazon Defendants, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

112.   Amazon Defendants had an independent and direct duty to hire employees who were competent to operate commercial vehicles and understood and adhered to basic principles of safety.

113.   Amazon Defendants failed in the above-mentioned duties and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the commercial vehicle entirely within a single lane and moving the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

114.   Amazon Defendants' act of negligent hiring is individually and/or combined a proximate cause of Plaintiff's injuries because it is foreseeable that failing to act reasonably and safely in its hiring practices would cause harm to others, including Plaintiff.

115.   Amazon Defendants' negligent hiring directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT TRAINING

## AMAZON DEFENDANTS

116.   Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

117.   Amazon Defendants, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent, or reduce the risk of foreseeable injury or damage to others on or near the road.

118.   Amazon Defendants had an independent and direct duty to act reasonably and safely in training its employees, including Defendant Mohammed Salaad Ahmed.

119.   Amazon Defendants has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

120.   Amazon Defendants has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

121.   Amazon Defendants has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance.

122.   Amazon Defendants knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in training Defendant Mohammed Salaad Ahmed.

123.   Amazon Defendants chose not to properly train its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the vehicle entirely within a single lane and moving the vehicle from that lane without first

ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

124.    Amazon Defendants' act of negligent training is individually and/or combined a direct cause of Plaintiff's injuries because but for Amazon Defendants' failure to act reasonably and safely in training Defendant Mohammed Salaad Ahmed, Plaintiff would not have been injured.

125.    Amazon Defendants' act of negligent training is individually and/or combined a proximate cause Plaintiff's injuries because it is foreseeable that failing to act reasonably and safely in its training practices would cause harm to others, including Plaintiff.

126.    Amazon Defendants' negligent training directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

### NEGLIGENT SUPERVISION & RETENTION
### AMAZON DEFENDANTS

127.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

128.    Amazon Defendants, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

129.    Amazon Defendants had an independent and direct duty to act reasonably and safely in supervising its employees, including Defendant Mohammed Salaad Ahmed.

130.    Amazon Defendants has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

131.    Amazon Defendants has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

132.    Amazon Defendants has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards.

133.    Amazon Defendants knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in supervising Defendant Mohammed Salaad Ahmed.

134.    Amazon Defendants knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in retaining Defendant Mohammed Salaad Ahmed.

135.    Amazon Defendants chose not to supervise and enforce its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the vehicle entirely within a single lane and moved the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

136.    Amazon Defendants' breach of its duties regarding retention and supervision are each individually and/or combined a direct cause of Plaintiff's injuries because but for Amazon Defendants' failure to act reasonably and safely in supervising and retaining Defendant Mohammed Salaad Ahmed, Plaintiff would not have been injured.

137.    Amazon Defendants' negligent supervision and retention of its employees directly and proximately caused Plaintiff pain, discomfort, suffering, mental and

emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT MAINTENANCE
## AMAZON DEFENDANTS

138. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

139. Amazon Defendants had a duty to inspect, repair, and maintain the motor vehicles in its fleet.

140. Upon information and belief, Amazon Defendants failed in the above-mentioned duties and violated state and federal statutes and regulations.

141. Amazon Defendants' statutory violations directly and proximately caused Plaintiff injuries and damages, which have caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

142. Amazon Defendants are negligent *per se* based on these statutory and regulatory violations.

## NEGLIGENT ENTRUSTMENT
## AMAZON DEFENDANTS

143. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

144. Amazon Defendants had a duty to entrust its equipment only to drivers who had been trained in the safe operation of that equipment and who were competent in that operation.

145. Amazon Defendants had a duty to entrust its Commercial Trailer only to safe companies and drivers.

146. Amazon Defendants breached its duty when it entrusted its commercial vehicle to a driver who did not have the requisite knowledge and training.

147. Amazon Defendants' negligent entrustment directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

### RESPONDEAT SUPERIOR
### AMAZON DEFENDANTS

148. Plaintiff reincorporates each re-alleges each preceding paragraph as if fully set forth herein.

149. Amazon Defendants was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Amazon Defendants was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

150. At all relevant times, Defendant Mohammed Salaad Ahmed was/is an employee, agent, servant, or independent contractor for Amazon Defendants, and was acting within the course and scope of his employment, under the direct control of Amazon Defendants.

151. At the time of the subject collision, Defendant Mohammed Salaad Ahmed was operating a commercial vehicle under dispatch and under the authority granted to Amazon Defendants by the Federal Motor carrier Safety Administration.

152. Accordingly, Amazon Defendants is vicariously liable for the negligent actions and omissions of Defendant Mohammed Salaad Ahmed under the doctrine of *Respondeat superior* and/or the rules of agency.

### NEGLIGENCE
### DEFENDANT MOHAMMED SALAAD AHMED

153. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

154. At all times material hereto, Defendant Mohammed Salaad Ahmed was a professional driver with a commercial driver's license ("CDL").

155.   At all times material hereto, Defendant Mohammed Salaad Ahmed was driving a commercial motor vehicle in interstate commerce and was subject to not only Arizona traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

156.   Defendant Mohammed Salaad Ahmed has a duty to perform a proper inspection of the Commercial Truck and Commercial Trailer and use the degree of care, skill and judgment which an ordinary, reasonably careful CDL professional driver would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damages.

157.   Defendant Mohammed Salaad Ahmed negligently chose to breach the duty he owed to others on or near the road, including Plaintiff, in one or more of the following ways:

    a.   Failing to perform a proper inspection of the Commercial Truck;

    b.   Failing to perform a proper inspection of the Commercial Trailer;

    c.   Driving while unfit and/or unhealthy to the point it was a danger;

    d.   Driving while distracted and/or fatigued;

    e.   Failing to drive defensively;

    f.   Driving a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances, conditions and actual and potential hazards then existing;

    g.   Failing to control the speed of his vehicle as necessary to avoid colliding with any vehicle on the highway;

    h.   Failing to drive his vehicle entirely within a single lane;

    i.   Moving his vehicle from within that lane without first ascertaining that the movement can be made with safety;

    j.   Failing to exercise reasonable care for the protection of others on the highway;

    k.   Failing to pay attention to the traffic travelling around him including a vehicle driving in the adjacent lane and same direction as Defendant

Mohammed Salaad Ahmed; and

    l.    Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

158.    Defendant Mohammed Salaad Ahmed failed in the above-mentioned duties by failing to control his vehicle, causing a crash and was therefore negligent.

159.    Defendant Mohammed Salaad Ahmed's negligence directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## STATUTORY VIOLATIONS
## DEFENDANT MOHAMMED SALAAD AHMED

160.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

161.    Upon information and belief, Defendant Mohammed Salaad Ahmed violated state and federal statutes and regulations, including but not limited to *Arizona Revised Statues §§ 28-701, -729, -751, -754* and *49 C.F.R. §383, et seq.; §385, et seq.; §390, et seq.; §391, et seq.; §392 et seq.; §393 et seq.; §395, et seq.;* and *§396 et seq.*

162.    Defendant Mohammed Salaad Ahmed's statutory violations directly and proximately caused Plaintiff's injuries and damages, which have caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

163.    Defendant Mohammed Salaad Ahmed is negligent *per se* based on these statutory and regulatory violations.

/ / /

/ / /

/ / /

/ / /

# PUNITIVE DAMAGES
## AMAZON DEFENDANTS, SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC & MOHAMMED SALAAD AHMED

164. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

165. The actions of Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed each demonstrate an evil mind, because they acted to serve their own business interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others.

166. The actions of Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed each demonstrate an evil mind, because they consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

167. The actions of Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed each demonstrate a conscious disregard for the rights and safety of Plaintiff and the rest of the public.

168. The actions of Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed each directly and proximately caused Plaintiff injuries and damages, which have caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

169. Plaintiff demands punitive damages against Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed.

/ / /

/ / /

/ / /

<u>**INJUNCTION**</u>

<u>**AMAZON DEFENDANTS, SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC**</u>

<u>**& MOHAMMED SALAAD AHMED**</u>

170.   Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

171.   Pursuant to Rule 65(a), Plaintiff provides notice to Defendants regarding the destruction of evidence relating to the Commercial Truck and Commercial Trailer involved in the subject collision.

172.   Plaintiff requests that Defendants refrain from the following:

      a.   Removing the subject Commercial Truck and Commercial Trailer from its current location until such time as an inspection, examination, photographing of the truck.

      b.   Removing the log books, electronic logs, receipts, notebooks, day planners, bills of lading, trip documents, toll payment devices, pre-pass devices, GPS units, mobile phones, certificates, registrations, and any other contents of the subject Commercial Truck and Commercial Trailer until such time as an inspection, examination, photographing of said Commercial Truck and Commercial Trailer can be completed.

      c.   Removing or relocating the subject Commercial Truck and Commercial Trailer from its current location until such time as the black box, electronic control device, fleet management system, on-board computer, dash camera, and/or GPS device information can be downloaded.

      d.   Removing, tampering with, altering, and deleting the data on the electronic mobile devices in the possession of the truck driver operating the subject Commercial Truck and Commercial Trailer at the time of the crash.

**WHEREFORE**, Plaintiff Mr. Ivey prays for judgment against Defendants, and each of them, as set forth hereinabove as follows:

      a)   For general damages for Plaintiff in a fair, just and reasonable sum;

b) For past, present, and future medical expenses, and other special damages including but not limited to lost wages, incurred by Plaintiff in a sum according to proof;

c) For punitive damages;

d) For Plaintiff's costs incurred herein;

e) For injunctive relief;

f) For interest on damages at the statutory rate from the time incurred; and

g) For such other and further relief as the Court may deem just and proper.

DATED this 11th day of April, 2024.

**SKIVER BRADLEY, PLLC**


By:/s/ Kellen Bradley
     Ryan Skiver, Esq.
     Kellen Bradley, Esq.
     *Attorneys for Plaintiff*

# EXHIBIT "B"

NOTICE OF REMOVAL FROM STATE COURT

Christi A. Woods (#022770)
Waco Perry (#038075)
**GOLDSTEIN WOODS**
706 E. Bell Rd., Suite 200
Phoenix, Arizona 85022
(602) 569-8200
(602) 569-8201 Fax
cwoods@gwfirmaz.com
wperry@gwfirmaz.com
meo@gwfirmaz.com
*Attorneys for Defendants*
*Solid Road Express, LLC & Mohammed Salaad Ahmed*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DEMETRIUS IVEY, individually, | Case No. CV2024-008483 |
| Plaintiff, | |
| v. | **DEFENDANTS SOLID ROAD EXPRESS, LLC AND MOHAMMED SALAAD AHMED'S ANSWER** |
| AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign limited liability company; AMAZON.COM SERVICES, INC., a foreign corporation; AMAZON LOGISTICS, INC., a foreign corporation; AMAZON TRANSPORTATION SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., a foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a foreign corporation; MOHAMMED SALAAD AHMED and JANE DOE AHMED, husband and wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and WHITE CORPORATIONS I-X, | |
| Defendants. | |

For their Answer to Plaintiff's Complaint, Defendants, Solid Road Express, LLC (hereinafter "Defendant Solid Road Express") and Mohammed Salaad Ahmed

1

(hereinafter "Defendant Ahmed), (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, hereby admit, deny and allege as follows:

1. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 1 and therefore deny same.

2. Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. As to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendants admit the truck-tractor referenced in Paragraph 3 of Plaintiff's Complaint is owned by Defendant Solid Road Express. Defendants admit Defendant Ahmed was the driver of this vehicle during the subject incident. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. As to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendants admit there was an impact between the vehicles. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 5 and therefore deny same.

6. As to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendants admit Defendant Solid Road Express is a foreign corporation. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

1    10.    Defendants admit the allegations contained in Paragraph 10 of Plaintiff's
2    Complaint.

3    11.    Defendants admit the allegations contained in Paragraph 11 of Plaintiff's
4    Complaint.

5    12.    Defendants admit the allegations contained in Paragraph 12 of Plaintiff's
6    Complaint.

7    13.    Defendants deny the allegations contained in Paragraph 13 of Plaintiff's
8    Complaint.

9    14.    Defendants admit the allegations contained in Paragraph 14 of Plaintiff's
10   Complaint.

11   15.    As to the allegations contained in Paragraph 15 of Plaintiff's Complaint,
12   Defendants admit Defendant Ahmed was an employee of Defendant Solid Road Express.
13   Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's
14   Complaint.

15   16.    Defendants admit the allegations contained in Paragraph 16 of Plaintiff's
16   Complaint.

17   17.    Defendants deny the allegations contained in Paragraph 17 of Plaintiff's
18   Complaint.

19   18.    Defendants admit the allegations contained in Paragraph 18 of Plaintiff's
20   Complaint.

21   19.    As to the allegations contained in Paragraph 19 of Plaintiff's Complaint,
22   Defendants admit Defendant Ahmed was pulling a trailer with the "Amazon" logo and
23   Idaho license plate "TL9480". However, Defendants are without information sufficient
24   to form a belief as to the truthfulness of the remaining allegations contained in Paragraph
25   19 of Plaintiff's Complaint and therefore deny same.

26

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. It is Defendants' contention that Paragraph 22 of Plaintiff's Complaint consists solely of statement of law requiring neither admission or denial from Defendants.

23. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 23 and therefore deny same.

24. Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 26 and therefore deny same.

27. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 27 and therefore deny same.

28. It is Defendants' contention that Paragraph 28 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

29. It is Defendants' contention that Paragraph 29 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

30. It is Defendants' contention that Paragraph 30 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

31. It is Defendants' contention that Paragraph 31 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

32. It is Defendants' contention that Paragraph 32 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

33. It is Defendants' contention that Paragraph 33 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

34. It is Defendants' contention that Paragraph 34 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

35. It is Defendants' contention that Paragraph 35 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

36. It is Defendants' contention that Paragraph 36 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

37. It is Defendants' contention that Paragraph 37 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

38. It is Defendants' contention that Paragraph 38 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

39. It is Defendants' contention that Paragraph 39 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

40. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 40 and therefore deny same.

41. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 41 and therefore deny same.

42. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 42 and therefore deny same.

43. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43 and therefore deny same.

44. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 44 and therefore deny same.

45. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 45 and therefore deny same.

46.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 46 and therefore deny same.

47.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 47 and therefore deny same.

48.    As to the allegations contained in Paragraph 48 of Plaintiff's Complaint, the term "control" in Paragraph 48 of Plaintiff's Complaint is ambiguous. Therefore, Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore deny same.

49.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 49 and therefore deny same.

50.    Defendants admit the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.    As to the allegations contained in Paragraph 51 of Plaintiff's Complaint, Defendant Solid Road Express admits it must create policies and procedures consistent with all applicable DOT regulations. However, Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore deny same.

52.    As to the allegations contained in Paragraph 52 of Plaintiff's Complaint, Defendants admit Defendant Solid Road Express owns the subject commercial truck and that Defendant Ahmed was the driver of same. Defendant Ahmed admits to driving in the number three (3) lane and proceeding onto the exit. Defendants deny the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.    Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants admit the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendants admit the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 67 and therefore deny same.

68.     Defendants admit the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants admit the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 73 and therefore deny same.

74.     Defendants admit the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants admit the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 76 of Plaintiff's Complaint and therefore deny same.

77.     Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 77 of Plaintiff's Complaint and therefore deny same.

1    78.    Defendants admit the allegations contained in Paragraph 78 of Plaintiff's
2  Complaint.
3    79.    Defendants deny the allegations contained in Paragraph 79 of Plaintiff's
4  Complaint.
5    80.    Defendants deny the allegations contained in Paragraph 80 of Plaintiff's
6  Complaint.
7    81.    Defendants deny the allegations contained in Paragraph 81 of Plaintiff's
8  Complaint.
9    82.    Defendants deny the allegations contained in Paragraph 82 of Plaintiff's
10  Complaint.
11    83.    Defendants deny the allegations contained in Paragraph 83 of Plaintiff's
12  Complaint.
13    84.    Defendants are without information sufficient to form a belief as to the
14  truthfulness of the allegations contained in Paragraph 84 and therefore deny same.
15    85.    Defendants admit the allegations contained in Paragraph 85 of Plaintiff's
16  Complaint.
17    86.    Defendants admit the allegations contained in Paragraph 86 of Plaintiff's
18  Complaint.
19    87.    Defendants admit to having certain duties in connection with the operation
20  of motor carriers. Defendants are without information sufficient to form a belief as to the
21  truthfulness of the remaining allegations contained in Paragraph 87 of Plaintiff's
22  Complaint and therefore deny same.
23    88.    Defendants admit to having certain duties in connection with the operation
24  of motor carriers. Defendants are without information sufficient to form a belief as to the
25  truthfulness of the remaining allegations contained in Paragraph 88 of Plaintiff's
26  Complaint and therefore deny same.

89.     Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint and therefore deny same.

90.     Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 95 and therefore deny same.

96.     Defendants admit the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 100 and therefore deny same.

101. Defendants admit the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 102 of Plaintiff's Complaint and therefore deny same.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 105 and therefore deny same.

106. Defendants admit the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Defendants admit the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108. Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 108 of Plaintiff's Complaint and therefore deny same.

109. As to the allegations contained in Paragraph 109 of Plaintiff's Complaint, Defendants admit Defendant Mohammed Salaad Ahmed was an employee of Defendant Solid Road Express, LLC. Defendants deny the remaining allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 110 and therefore deny same.

111. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 111 and therefore deny same.

112. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 112 and therefore deny same.

113. As to the allegations contained in Paragraph 113 of Plaintiff's Complaint, Defendants deny Defendant Ahmed committed a tort against Plaintiff. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 113 of Plaintiff's Complaint and therefore deny same.

114. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 114 and therefore deny same.

115. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 115 and therefore deny same.

116. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 116 and therefore deny same.

117. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 117 and therefore deny same.

118. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 118 and therefore deny same.

119. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 119 and therefore deny same.

120. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 120 and therefore deny same.

121. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 121 and therefore deny same.

122. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 122 and therefore deny same.

123. As to the allegations contained in Paragraph 123 of Plaintiff's Complaint, Defendants deny Defendant Ahmed committed a tort against Plaintiff. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 123 of Plaintiff's Complaint and therefore deny same.

124. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 124 and therefore deny same.

125. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 125 and therefore deny same.

126. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 126 and therefore deny same.

127. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 127 and therefore deny same.

128. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 128 and therefore deny same.

129. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 129 and therefore deny same.

130. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 130 and therefore deny same.

131. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 131 and therefore deny same.

132. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 132 and therefore deny same.

133. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 133 and therefore deny same.

134. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 134 and therefore deny same.

135.   As to the allegations contained in Paragraph 135 of Plaintiff's Complaint, Defendants deny that Defendant Ahmed committed a tort against Plaintiff. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 135 of Plaintiff's Complaint and therefore deny same.

136.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 136 and therefore deny same.

137.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 137 and therefore deny same.

138.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 138 and therefore deny same.

139.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 139 and therefore deny same.

140.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 140 and therefore deny same.

141.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 141 and therefore deny same.

142.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 142 and therefore deny same.

143.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 143 and therefore deny same.

144.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 144 and therefore deny same.

145.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 145 and therefore deny same.

146.   Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 146 and therefore deny same.

147. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 147 and therefore deny same.

148. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 148 and therefore deny same.

149. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 149 and therefore deny same.

150. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 150 and therefore deny same.

151. Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 152 and therefore deny same.

153. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 153 and therefore deny same.

154. Defendants admit the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155. Defendants admit the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156. Defendants admit the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of Plaintiff's Complaint.

158. Defendants deny the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159. Defendants deny the allegations contained in Paragraph 159 of Plaintiff's Complaint.

160. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 160 and therefore deny same.

161. Defendants deny the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162. Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 164 and therefore deny same.

165. Defendants deny the allegations contained in Paragraph 165 of Plaintiff's Complaint.

166. Defendants deny the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167. Defendants deny the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168. Defendants deny the allegations contained in Paragraph 168 of Plaintiff's Complaint.

169. It is Defendants' contention that Paragraph 169 of Plaintiff's Complaint contains no allegations requiring either an admission or denial from Defendants.

170. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 170 and therefore deny same.

171. It is Defendants' contention that Paragraph 171 of Plaintiff's Complaint contains no allegations requiring either an admission or denial from Defendants.

172. It is Defendants' contention that Paragraph 172 of Plaintiff's Complaint contains no allegations requiring either an admission or denial from Defendants.

Defendants deny each and every allegation contained in Plaintiff's Complaint not heretofore expressly admitted herein.

As a further and affirmative defense, Defendants allege that Plaintiff's damages were proximately caused or contributed to by Plaintiff's and/or a non-party's negligence, and Plaintiff's claims should be barred or reduced to the extent of such negligence. Alternatively, Defendants alleges those affirmative defenses as set forth in Rules 8 and 12, Ariz.R.Civ.P., including but not limited to contributory and comparative negligence.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that same be dismissed as to Defendants.

Dated this 25th day of July, 2024.

**GOLDSTEIN WOODS**

By: /s/ *Waco Perry*

Christi A. Woods
Waco Perry
706 E. Bell Rd., Suite 200
Phoenix, Arizona 85022
*Attorneys for Defendants*
*Solid Road Express, LLC*
*& Mohammed Salaad Ahmed*

ORIGINAL of the foregoing filed
this 25th day of July, 2024,
with the Clerk of the Superior Court

COPY of the foregoing mailed
this 25th day of July, 2024, to:

Ryan Skiver
Kellen Bradley
SKIVER BRADLEY, PLLC
3943 East Whitton Avenue
Phoenix, Arizona 85018
rskiver@skiverbradley.com
kbradley@skiverbradley.com
*Attorneys for Plaintiff*

By:    /s/ Diane Arroyo
Prog/Solid Road Express/Pldgs        3060-1069

18

# EXHIBIT "C"

NOTICE OF REMOVAL FROM STATE COURT

1  Christi A. Woods (#022770)
   Waco Perry (#038075)
2  **GOLDSTEIN WOODS**
   706 E. Bell Rd., Suite 200
3  Phoenix, Arizona 85022
   (602) 569-8200
4  (602) 569-8201 Fax
   cwoods@gwfirmaz.com
5  wperry@gwfirmaz.com
   meo@gwfirmaz.com
6  *Attorneys for Defendants*
   *Solid Road Express, LLC & Mohammed Salaad Ahmed*
7

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| DEMETRIUS IVEY, individually, | Case No. CV2024-008483 |
| Plaintiff, | |
| v. | **DEFENDANTS NOTICE OF REMOVAL TO ARIZONA DISTRICT COURT** |
| AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign limited liability company; AMAZON.COM SERVICES, INC., a foreign corporation; AMAZON LOGISTICS, INC., a foreign corporation; AMAZON TRANSPORTATION SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., a foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a foreign corporation; MOHAMMED SALAAD AHMED and JANE DOE AHMED, husband and wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and WHITE CORPORATIONS I-X, | |
| Defendants. | |

Defendants, Solid Road Express, LLC and Mohammed Salaad Ahmed, by and through undersigned counsel, hereby give notice that they have removed this case to the United States District Court, District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. A copy of the Notice of Removal filed in the District Court is attached hereto as Exhibit A.

/ / /

1

Dated this 25th day of July, 2024.

**GOLDSTEIN WOODS**

By: /s/ *Waco Perry*

Christi A. Woods
Waco Perry
706 E. Bell Rd., Suite 200
Phoenix, Arizona 85022
*Attorneys for Defendants Solid Road Express, LLC*
*& Mohammed Salaad Ahmed*

ORIGINAL of the foregoing filed
this 25th day of July, 2024,
with the Clerk of the Superior Court

COPY of the foregoing mailed
this 25th day of July, 2024, to:

Ryan Skiver
Kellen Bradley
SKIVER BRADLEY, PLLC
3943 East Whitton Avenue
Phoenix, Arizona 85018
rskiver@skiverbradley.com
kbradley@skiverbradley.com
*Attorneys for Plaintiff*

By: /s/ Diane Arroyo
Prog/Solid Road Express/Pldgs        3060-1069

# EXHIBIT "D"

NOTICE OF REMOVAL FROM STATE COURT

Ryan Skiver, State Bar No. 024552
Kellen Bradley, State Bar No. 030055
**SKIVER BRADLEY, PLLC**
3943 East Whitton Avenue
Phoenix, Arizona 85018
Tel: (480) 626-1667
Fax: (480) 482-7285
rskiver@skiverbradley.com
kbradley@skiverbradley.com
minuteentries@skiverbradley.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| DEMETRIUS IVEY, individually, | Case No.: CV2024-008483 |
| Plaintiff, | **COMPLAINT** |
| v. | (Negligence – Tort – Motor Vehicle) |
| AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign limited liability company; AMAZON.COM SERVICES, INC., a foreign corporation; AMAZON LOGISTICS, INC. a foreign corporation; AMAZON TRANSPORTATION SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., a foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a foreign corporation; MOHAMMED SALAAD AHMED and JANE DOE AHMED, husband and wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and WHITE CORPORATIONS I-X, | |
| Defendants. | |

1

Plaintiff Demetrius Ivey (hereinafter "Plaintiff" or "Mr. Ivey"), by and through undersigned counsel, for his complaint against Defendants Amazon.com Inc., Amazon.com LLC, and Amazon.com Services, Inc., Amazon Logistics, Inc., Amazon Transportation Services, Inc., Amazon Fulfillment Service, Inc., Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed and Jane Doe Ahmed (hereinafter "Defendants") states and alleges as follows:

## DAMAGE TIER

1.      Plaintiff alleges his damages are such that qualify for discovery under Tier 3 of the Arizona Rules of Civil Procedure 26.2.

## PREFACE

2.      This case involves a dangerous trucking company whose conduct fell below industry standards by not having or enforcing adequate policies, practices, and procedures to qualify, train, and supervise its drivers, allowing a dangerous driver to drive their commercial truck under their authority which led to its driver's dangerous lane change while driving, resulting in a violent collision.

3.      The collision occurred on the Interstate 10 exit ramp, in Phoenix, Arizona on December 12, 2022, at 5:30 a.m. when a trailer owned by Amazon Defendants was being pulled by a commercial truck-tractor owned by Defendant Solid Road Express LLC dba SGM Logistic and operated by Defendant Mohammed Salaad Ahmed who drove the commercial motor vehicle on a roadway and failed to drive the commercial vehicle entirely within a single lane and moved the commercial vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

4.      Plaintiff is a member of the traveling public, was in the vehicle Defendants collided with, and sustained significant injuries and damages as a result of the commercial motor vehicle collision.

## PARTIES, JURISDICTION & VENUE

5.      Plaintiff is, and was at all times relevant, a resident of the State of Arizona.

6. Upon information and belief, at all times relevant, Defendants Amazon.com Inc., Amazon.com LLC, Amazon.com Services, Inc., Amazon Logistics, Inc., Amazon Transportation Services, Inc., Amazon Fulfillment Service, Inc., Solid Road Express LLC dba SGM Logistic (hereinafter "Amazon Defendants") are foreign corporations and a limited liability company existing under the laws of the State of Delaware with principal places of business in the State of Washington, and they are authorized to and do transact business in the State of Arizona.

7. Upon information and belief, at all times relevant, Defendant Solid Road Express LLC dba SGM Logistic is a foreign corporation existing under the laws of the State of Ohio with a principal place of business in the State of Ohio.

8. At all times relevant, Defendants, and each of them, were authorized and did conduct business in Arizona.

9. Defendant Solid Road Express LLC dba SGM Logistic's statutory agent is located at 4030 Mt Carmel Tobasco Road, Cincinnati, Ohio 45255.

10. Defendant Solid Road Express LLC dba SGM Logistic operates under United States Department of Transportation (USDOT) number 3929764.

11. Defendant Solid Road Express LLC dba SGM Logistic is at all times relevant engaged in interstate commerce as a commercial motor carrier subject to the Federal Motor Carrier Safety Administration (FMCSA) Rules and Regulations as well as Commercial Motor Vehicle Rules of the Road of the State of Arizona.

12. At all times material to this action, Defendant Mohammed Salaad Ahmed was a truck driver, driving for Defendant Solid Road Express LLC dba SGM Logistic.

13. Upon information and belief, Defendant Mohammed Salaad Ahmed resides in the State of Arizona, and at all times relevant was married to Jane Doe Ahmed. Plaintiff may ask leave of this Court to amend this Complaint to insert the true name of Defendant Jane Doe Ahmed when it becomes known to Plaintiff.

14. At that time, and all relevant times, Defendant Mohammed Salaad Ahmed was acting in the course and scope of his employment with Solid Road Express LLC dba SGM Logistic, as its agent and employee such that Defendant Solid Road Express LLC

dba SGM Logistic, is liable for Defendant Mohammed Salaad Ahmed's acts and omissions under principles of agency law, vicarious liability, and *respondeat superior*.

15.  At all relevant times, each of the Defendants, including Amazon.com Inc., Amazon.com LLC, Amazon.com Services, Inc., Amazon Logistics, Inc., Amazon Transportation Services, Inc., Amazon Fulfillment Service, Inc., Solid Road Express LLC dba SGM Logistic, Mohammed Salaad Ahmed, Jane Doe Ahmed, John Does I-X, Jane Does II-X, Black Corporations I-X; and White Corporations I-X was the agent, servant, partner, alter-ego, joint venturer, employee and/or franchisee of each of the other defendants, and each was at all relevant times acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

| Entity Type: | CARRIER | | |
|---|---|---|---|
| Operating Status: | AUTHORIZED FOR PROPERTY | Out of Service Date: | None |
| Legal Name: | SOLID ROAD EXPRESS LLC | | |
| DBA Name: | | | |
| Physical Address: | 4030 MT CARMEL TOBASCO RD CINCINNATI, OH 45255 | | |
| Phone: | (224) 301-6488 | | |
| Mailing Address: | 4030 MT CARMEL TOBASCO RD CINCINNATI, OH 45255 | | |
| USDOT Number: | 3929764 | State Carrier ID Number: | |
| MC/MX/FF Number(s): | MC-1456138 | DUNS Number: | -- |
| Power Units: | 1 | Drivers: | 1 |
| MCS-150 Form Date: | 12/15/2022 | MCS-150 Mileage (Year): | 5,000 (2021) |

**Operation Classification:**

| | | |
|---|---|---|
| X Auth. For Hire | Priv. Pass.(Non-business) | State Gov't |
| Exempt For Hire | Migrant | Local Gov't |
| Private(Property) | U.S. Mail | Indian Nation |
| Priv. Pass. (Business) | Fed. Gov't | |

**Carrier Operation:**

| | | |
|---|---|---|
| X Interstate | Intrastate Only (HM) | Intrastate Only (Non-HM) |

**Cargo Carried:**

| | | |
|---|---|---|
| X General Freight | Liquids/Gases | Chemicals |
| Household Goods | Intermodal Cont. | Commodities Dry Bulk |
| Metal: sheets, coils, rolls | Passengers | Refrigerated Food |
| Motor Vehicles | Oilfield Equipment | Beverages |
| Drive/Tow away | Livestock | Paper Products |
| Logs, Poles, Beams, Lumber | Grain, Feed, Hay | Utilities |
| Building Materials | Coal/Coke | Agricultural/Farm Supplies |
| Mobile Homes | Meat | Construction |
| Machinery, Large Objects | Garbage/Refuse | Water Well |
| Fresh Produce | US Mail | |

16. Upon information and belief, at all times relevant, Defendant Solid Road Express LLC dba SGM Logistic, employed Defendant Mohammed Salaad Ahmed to haul freight.

17. Upon information and belief, at all times relevant, Amazon Defendants employed Defendant Mohammed Salaad Ahmed to haul freight.

18. Defendant Mohammed Salaad Ahmed was the operator of a white 2018 Freightliner commercial truck-tractor, bearing Illinois license plate "P1167233" with Vehicle Identification Number (VIN) 3AKJHHDR1JSJR2093 (hereinafter "Commercial Truck"), which was owned by Defendant Solid Road Express LLC dba SGM Logistic.

19. At all times relevant, Defendant Mohammed Salaad Ahmed was pulling a commercial trailer with Idaho License Plate "TL9480" (hereinafter "Commercial Trailer"), which bore the "Amazon" logo and was owned by Amazon Defendants.

20. All acts of Defendant Mohammed Salaad Ahmed were done for and on behalf of himself, individually, the community comprised of himself and Jane Doe Ahmed, and/or in his capacity as an operator of the subject Commercial Truck.



21.     Defendants are all separately comparatively negligent for their own, separate negligent acts and/or omissions.

22.     Pursuant to *Arizona Revised Statutes § 12-2506*, the negligent acts and/or omissions of each Defendant must be compared to the negligent acts and/or omissions of every other Defendant to determine the Defendants' relative degrees of fault.

23.     Amazon Defendants were properly served with process in this civil action.

24.     Defendant Solid Road Express LLC dba SGM Logistic, was properly served with process in this civil action.

25.     Defendant Mohammed Salaad Ahmed was properly served with process in this civil action.

26.     The court has jurisdiction over this matter, and venue is proper.

### THE IMPORTANCE OF SAFETY
### IN THE COMMERCIAL TRUCKING INDUSTRY

27.     About 5,000 people were killed and nearly 147,000 injured in crashes with large trucks in 2020 alone. (National Highway Traffic Safety Administration ("NHTSA"), Overview of Motor Vehicle Crashes in 2020, Mar. 2022.) Fatalities involving large trucks have increased more than 30% on a national level.

28.     "[I]t is in the public interest to enhance commercial motor vehicle safety and thereby reduce highway fatalities, injuries, and property damage." (49 U.S.C. § 31131(b)(1).) "[I]mproved, more uniform commercial motor vehicle safety measures and strengthened enforcement would reduce the number of fatalities and injuries and the level of property damage related to commercial motor vehicle operations." (49 U.S.C. § 31131(b)(2).)

29.     More than twenty years ago, when the fatality and injury rates were close to what they are today, Congress found "[t]he current rate, number, and severity of crashes involving motor carriers in the United States are unacceptable." (Pub. L. 06–159, § 3, Dec. 9, 1999, 113 Stat. 1749.) Congress also determined that the "number of Federal and State commercial motor vehicle and operator inspections is insufficient and civil penalties for violators must be utilized to deter future violations." (Ibid.) In passing

the Motor Carrier Safety Improvement Act of 1999 ("MCSIA"), Congress intended "to reduce the number and severity of large-truck involved crashes through more commercial motor vehicle and operator inspections and motor carrier compliance reviews, stronger enforcement measures against violators, expedited completion of rulemaking proceedings, scientifically sound research, and effective commercial driver's license testing, recordkeeping and sanctions."

30.    Pursuant to MCSIA, the Federal Motor Carrier Safety Administration (FMCSA) was established within the Department of Transportation on January 1, 2000. (49 U.S.C. 113). "In carrying out its duties, the [FMSCA] shall consider the assignment and maintenance of safety as the highest priority, recognizing the clear intent, encouragement, and dedication of Congress to the furtherance of the highest degree of safety in motor carrier transportation." (49 U.S.C. § 113(b).) The FMCSA's primary mission is to prevent commercial motor vehicle-related fatalities and injuries involving large trucks and buses. Activities of the FMCSA contribute to ensuring safety in motor carrier operations through strong enforcement of safety regulations; targeting high-risk carriers and commercial motor vehicle drivers; improving safety information systems and commercial motor vehicle technologies; strengthening commercial motor vehicle equipment and operating standards; and increasing safety awareness. The FMCSA provides States with financial assistance for roadside inspections and other commercial motor vehicle safety programs. In carrying out its safety mandate to reduce crashes, injuries, and fatalities involving large trucks and buses, the FMCSA (1) develops and enforces data-driven regulations that balance motor carrier (truck and bus companies) safety with efficiency; (2) harnesses safety information systems to focus on higher risk carriers in enforcing the safety regulations; (3) targets educational messages to carriers, commercial drivers, and the public; and (4) partners with stakeholders including Federal, State, and local enforcement agencies, the motor carrier industry, safety groups, and organized labor on efforts to reduce bus and truck-related crashes.

31.    The FMCSA has taken several steps that emphasize the importance of safety in the commercial truck driving industry. For example, beginning in December

2011, the FMCSA established the Safety Measurement System (SMS) to evaluate motor carrier safety compliance in Behavior Analysis and Safety Improvement Categories (BASICs). Some of the most relevant BASICs are Unsafe Driving; Hours-of-Service Compliance; Driver Fitness; Vehicle Maintenance; and a Crash Indicator. The SMS grouped carriers on the number of recorded events (e.g., safety inspections with violations) during a two-year period. Once divided into groups, carriers in each group were ranked from lowest to highest in terms of the number of safety violations and the severity weight of each violation. Carriers in each group were assigned percentile scores from 1 to 100, with lower numbers indicating fewer violations. The BASIC percentile scores are calculated and made available to each carrier. Shippers and brokers can request carriers to make their BASIC percentile scores available for them to review.

32.    The FMCSA has established the New Entrant Safety Assurance Program, which monitors motor carriers' compliance with safety regulations for their first 18 months after receiving operating authority. Motor carriers must undergo a safety audit within the first 12 months of their operations to complete the New Entrant Program. A "New Entrant" is an entity with motor carrier authority that has not yet undergone a safety audit with the FMCSA. A Safety Audit performed by the FMCSA is a review of a motor carrier's records designed to verify that a carrier has basic safety management controls in place to ensure compliance with applicable Federal Motor Carrier Safety Regulations (FMCSRs), Hazardous Materials Regulations (HMRs), and related record-keeping requirements. During the Safety Audit, carriers will be asked to submit documentation which verifies that they have established effective safety management controls. Carriers will be notified of all violations found during a Safety Audit and provided an explanation of how to address their safety problems. Some violations are deemed egregious enough to cause the carrier to automatically fail the Safety Audit.

33.    The FMCSA has also promulgated a safety fitness regulation, entitled "Safety Fitness Procedures," which established a procedure to determine the safety fitness of motor carriers through the assignment of safety ratings, and established a "safety fitness standard" which a motor carrier must meet to obtain a satisfactory safety

rating. The safety rating process developed by FMCSA is used to evaluate safety fitness and assign one of three safety ratings to motor carriers operating in interstate commerce: (1) satisfactory, (2) conditional, or (3) unsatisfactory. However, New Entrants who have not yet undergone their audit under the New Entrant Safety Assurance Program are "not rated." At the time a New Entrant receives their motor carrier authority, there often has been no inspection that confirms the New Entrant has adequate policies and procedures in place to prevent the risks associated with unsafe and fatigued driving. As a result, under industry custom and practice, reasonably safe entities investigate a New Entrant, performing their own audits, prior to utilizing those companies to haul cargo on their behalf.

34.     In the commercial truck driving industry, there is often a shipper, broker, and motor carrier involved in the shipment of goods. A "shipper" is the person or company who is responsible for preparing a shipment to turn over to a motor carrier for transport. A "broker" is a person who, for compensation, arranges the transportation of property by an authorized motor carrier. A "motor carrier" is a person providing motor vehicle transportation for compensation.

35.     Congress took steps to define the broker's role with the passage of Moving Ahead for Progress in the 21st Century Act ("MAP–21"). The portion of MAP–21 that applies to the trucking industry was known in the legislative process as "Fighting Fraud in Transportation Act of 2011." MAP–21 separates brokering – arranging for the transportation of freight – from motor carriage. The law also made illegal traditional "truck brokering," in which one motor carrier hired another motor carrier on a load-by-load basis. Under MAP–21, brokers who act or hold themselves out to the public as a "motor carrier" while brokering are as liable as the motor carrier in any loss, during the act of transportation. This prohibition on motor carrier brokering is vital to safety because it prevents motor carriers from brokering shipments to unqualified drivers.

36.     To ensure adequate financial responsibility in the event of loss, MAP–21 expanded liability for injuries or damages to anyone in the chain of illegal brokering. "Any person who knowingly authorizes, consents to, or permits, directly or indirectly,

either alone or in conjunction with any other person, a violation of subsection (a) [prohibiting unlawful brokerage services] is liable . . . to the injured party for all valid claims incurred without regard to amount." (49 USC § 14916(c)(2).) "The liability for civil penalties and for claims under this section for unauthorized brokering shall apply, jointly and severally [ ] to any corporate entity or partnership involved; and to the individual officers, directors, and principals of such entities." (49 USC § 14916(d).)

37.    The Federal Regulations provide that "a person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle." "A motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle." The regulations define a person as being qualified to drive a commercial motor vehicle if he/she (1) Is at least 21 years old; (2) Can read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquiries, and to make entries on reports and records; (3) Can, by reason of experience, training, or both, safely operate the type of commercial motor vehicle he/she drives; (4) Is physically qualified to drive a commercial motor vehicle; (5) Has a currently valid commercial motor vehicle operator's license issued only by one State or jurisdiction; (6) Is not disqualified to drive a commercial motor vehicle under the rules in § 391.15; and (7) Has successfully completed a driver's road test and has been issued a certificate of driver's road test in accordance with § 391.31, or has presented an operator's license or a certificate of road test which the motor carrier that employs him/her has accepted as equivalent to a road test in accordance with § 391.33. (49 CFR § 391.11)

38.    A person shall not drive a commercial motor vehicle unless he/she has completed and furnished the motor carrier that employs him with an application for employment that contains certain information, including but not limited to the following: (1) The name and address of the employing motor carrier; (2) The applicant's name, address, date of birth, and social security number; (3) The addresses at which the applicant has resided during the 3 years preceding the date on which the application is

submitted; (4) The date on which the application is submitted; (5) The issuing driver's licensing authority, number, and expiration date of each unexpired commercial motor vehicle operator's license or permit that has been issued to the applicant; (6) The nature and extent of the applicant's experience in the operation of motor vehicles, including the type of equipment (such as buses, trucks, truck tractors, semitrailers, full trailers, and pole trailers) which he/she has operated; (7) A list of all motor vehicle accidents in which the applicant was involved during the 3 years preceding the date the application is submitted, specifying the date and nature of each accident and any fatalities or personal injuries it caused; (8) A list of all violations of motor vehicle laws or ordinances (other than violations involving only parking) of which the applicant was convicted or forfeited bond or collateral during the 3 years preceding the date the application is submitted; and (9) A statement setting forth in detail the facts and circumstances of any denial, revocation, or suspension of any license, permit, or privilege to operate a motor vehicle that has been issued to the applicant, or a statement that no such denial, revocation, or suspension has occurred. (49 CFR § 391.21)

39. In sum, it is vital that those involved in the shipment of goods in interstate commerce – including shippers, brokers, and motor carriers – understand the identity of who is delivering their goods, as well as their qualifications, work experience, and any history of vehicle accidents and violations of motor vehicle laws.

## AMAZON DEFENDANTS DEVELOPED A SYSTEM THAT USES A VAST NETWORK OF UNQUALIFIED AND UNVETTED MOTOR CARRIERS AND DRIVERS THAT PRIORITIZES PROFITS OVER PUBLIC SAFETY

40. One of the largest retailers in the world, Amazon ships millions of items each day to consumers who purchased its goods online. Amazon Prime, a subscription service which promises, inter alia, expedited free shipping, has increased Amazon's demand for rush shipping and delivery. To keep up with this demand, Amazon built its own logistics network to control the vulnerable delivery timetable.

41. Amazon Defendants formed Defendant Amazon Logistics, Inc. (hereinafter "Amazon") as the entity tasked with building and running the logistics

network that would fulfill the promises of expedited and rushed shipping and delivery.

42.     Amazon has both motor carrier and broker authority with the FMCSA under DOT number 2881058. Amazon employs 34,974 drivers and owns a fleet of 15,599 trucks. But in an effort to increase profits to the detriment of public safety, Amazon has not hired a sufficient amount of well-trained and qualified drivers to fulfill its promises for rushed and expedited shipping and delivery. To the contrary, in the interest of maximizing profits, Amazon developed the Amazon Relay Program, where it hires unqualified and unvetted motor carriers and drivers to deliver goods across the country as Amazon Relay Carriers.

43.     Amazon publicly proclaims that "Amazon Relay enables *experienced, reliable* carriers to tap into our network, technology, and *safety-first culture* to build and grow their transportation businesses." (emphasis added) However, the motor carriers Amazon hires to haul its goods throughout the country are neither "experienced" nor "reliable," and Amazon has anything but a "safety-first culture."

44.     To the contrary, Amazon knows that the majority of motor carriers do not have a safety rating. When considering a motor carrier's application to the Amazon Relay Program, Amazon does not consider (1) how long the motor carrier has had operating authority; (2) that the company has not undergone a safety audit with the FMCSA; or (3) that the company does not have a safety rating with the FMCSA. The result is that Amazon hires companies that are "New Entrants" that have not been audited by the FMCSA, have no safety rating, and are neither experienced nor reliable.

45.     It has been documented that trucking contractors that worked frequently for Amazon were more than twice as likely as all other similar companies to receive unsafe driving scores. It was further reported that data shows that companies that haul Amazon's freight are systematically more likely to have poor safety scores, and that as Amazon ramped up its freight effort, it used trucking companies with repeat safety violations.

///

## GENERAL ALLEGATIONS

46. Plaintiff incorporates and re-alleges each preceding paragraph as if fully set forth herein.

47. At all times relevant, Amazon Defendants implement policies that directly prioritize profits over safety.

48. At all times relevant, Defendants, and each of them, had control over this equipment and property.

49. At all times relevant, Amazon Defendants failed to include proper safety equipment on the Commercial Truck to eliminate, prevent or reduce the risk of harm.

50. Defendant Mohammed Salaad Ahmed was an employee driver of Defendant Solid Road Express LLC dba SGM Logistic.

51. Defendant Solid Road Express LLC dba SGM Logistic has a duty to write, create or otherwise enact and have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including hiring qualified drivers, drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards.

52. In the morning of December 12, 2022, a Commercial Trailer owned by Amazon Defendants was being pulled by a Commercial Truck owned by Defendant Solid Road Express LLC dba SGM Logistic and operated by Defendant Mohammed Salaad Ahmed, travels eastbound on the Interstate 10 with a posted speed limit of sixty-five (65) miles per hour exiting the off-ramp near mile post-144 in the number three (3) lane approaching its intersection with 7th Avenue in Phoenix, Arizona.

53. At all relevant times, Defendant Mohammed Salaad Ahmed acts in the course and scope of his employment and/or agency with Amazon Defendants.

54. At all relevant times, Defendant Mohammed Salaad Ahmed acts in the course and scope of his employment and/or agency with Defendant Solid Road Express LLC dba SGM Logistic.

55. Defendant Mohammed Salaad Ahmed chooses not to maintain the Commercial Truck in a safe working order.

56. Defendant Mohammed Salaad Ahmed chooses not to perform a proper inspection of the Commercial Truck.

57. Defendant Mohammed Salaad Ahmed chooses not to perform a proper visual search around the Commercial Truck.

58. Defendant Mohammed Salaad Ahmed chooses not to exercise reasonable care for the protection of others on the highway.

59. Defendant Mohammed Salaad Ahmed chooses not to pay attention to the traffic travelling around him including a vehicle driving beside him in the adjacent lane and same direction as Defendant Mohammed Salaad Ahmed.

60. Defendant Mohammed Salaad Ahmed chooses not to drive the Commercial Truck entirely within a single lane.

61. Defendant Mohammed Salaad Ahmed chooses to move the Commercial Truck from the number three (3) lane attempting to make a right turn without first ascertaining that the movement can be made with safety.

62. Defendant Mohammed Salaad Ahmed collides the Commercial Truck into the driver's side of the vehicle stopped in the number four (4) lane.

63. The driver of the vehicle is Plaintiff Demetrius Ivey.

64. As a result of the crash, Plaintiff suffered serious injuries and damages, requiring extensive medical treatment.

65. Defendants knew or should have known that their conduct and choice not to use reasonable care foreseeably and predictably could cause severe harm and lacked precautions to eliminate, prevent or reduce the risk of harm.

66. The force of Defendants' Commercial Truck crash was a cause of Plaintiff's severe injuries, requiring immediate medical treatment.

/ / /

/ / /

# NEGLIGENT HIRING

## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

67. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

68. Defendant Solid Road Express LLC dba SGM Logistic, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

69. Defendant Solid Road Express LLC dba SGM Logistic had an independent and direct duty to hire employees who were competent to operate commercial vehicles and understood and adhered to basic principles of safety.

70. Defendant Solid Road Express LLC dba SGM Logistic, failed in the above-mentioned duties and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the Commercial Truck entirely within a single lane and moving the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

71. Defendant Solid Road Express LLC dba SGM Logistic act of negligent hiring is individually and/or combined a proximate cause of Plaintiff's injuries because it is foreseeable that failing to act reasonably and safely in its hiring practices would cause harm to others, including Plaintiff.

72. Defendant Solid Road Express LLC dba SGM Logistic, negligent hiring directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

/ / /

/ / /

# NEGLIGENT TRAINING

## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

73.   Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

74.   Defendant Solid Road Express LLC dba SGM Logistic, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

75.   Defendant Solid Road Express LLC dba SGM Logistic, had an independent and direct duty to act reasonably and safely in training its employees, including Defendant Mohammed Salaad Ahmed.

76.   Defendant Solid Road Express LLC dba SGM Logistic, has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

77.   Defendant Solid Road Express LLC dba SGM Logistic has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

78.   Defendant Solid Road Express LLC dba SGM Logistic has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance.

79.   Defendant Solid Road Express LLC dba SGM Logistic knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in training Defendant Mohammed Salaad Ahmed.

80.   Defendant Solid Road Express LLC dba SGM Logistic chose not to properly train its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort

against Plaintiff by failing to drive the vehicle entirely within a single lane and moving the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

81. Defendant Solid Road Express LLC dba SGM Logistic's act of negligent training is individually and/or combined a direct cause of Plaintiff's injuries because but for Defendant Solid Road Express LLC dba SGM Logistic's failure to act reasonably and safely in training Defendant Mohammed Salaad Ahmed, Plaintiff would not have been injured.

82. Defendant Solid Road Express LLC dba SGM Logistic's act of negligent training is individually and/or combined a proximate cause Plaintiff's injuries because it is foreseeable that failing to act reasonably and safely in its training practices would cause harm to others, including Plaintiff.

83. Defendant Solid Road Express LLC dba SGM Logistic's negligent training directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT SUPERVISION & RETENTION
## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

84. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

85. Defendant Solid Road Express LLC dba SGM Logistic, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent, or reduce the risk of foreseeable injury or damage to others on or near the road.

86. Defendant Solid Road Express LLC dba SGM Logistic had an independent and direct duty to act reasonably and safely in supervising its employees, including Defendant Mohammed Salaad Ahmed.

87. Defendant Solid Road Express LLC dba SGM Logistic has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

88. Defendant Solid Road Express LLC dba SGM Logistic has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

89. Defendant Solid Road Express LLC dba SGM Logistic has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards.

90. Defendant Solid Road Express LLC dba SGM Logistic knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in supervising Defendant Mohammed Salaad Ahmed.

91. Defendant Solid Road Express LLC dba SGM Logistic knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in retaining Defendant Mohammed Salaad Ahmed.

92. Defendant Solid Road Express LLC dba SGM Logistic chose not to supervise and enforce its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the vehicle entirely within a single lane and moved the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

93. Defendant Solid Road Express LLC dba SGM Logistic's breach of its duties regarding retention and supervision are each individually and/or combined a direct cause of Plaintiff's injuries because but for Defendant Solid Road Express LLC

dba SGM Logistic's failure to act reasonably and safely in supervising and retaining Defendant Mohammed Salaad Ahmed, Plaintiff would not have been injured.

94.　Defendant Solid Road Express LLC dba SGM Logistic's negligent supervision and retention of its employees directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT MAINTENANCE
## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

95.　Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

96.　Defendant Solid Road Express LLC dba SGM Logistic had a duty to inspect, repair, and maintain the motor vehicles in its fleet.

97.　Upon information and belief, Defendant Solid Road Express LLC dba SGM Logistic failed in the above-mentioned duties and violated state and federal statutes and regulations.

98.　Defendant Solid Road Express LLC dba SGM Logistic's statutory violations directly and proximately caused Plaintiff injuries and damages, which have caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

99.　Defendant Solid Road Express LLC dba SGM Logistic is negligent *per se* based on these statutory and regulatory violations.

## NEGLIGENT ENTRUSTMENT
## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

100.　Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

101.　Defendant Solid Road Express LLC dba SGM Logistic had a duty to entrust its equipment only to drivers who had been trained in the safe operation of that

equipment and who were competent in that operation.

102.   Defendant Solid Road Express LLC dba SGM Logistic had a duty to entrust its Commercial Truck only to drivers who were healthy enough to keep a safe lookout and safely operate their Commercial Truck.

103.   Defendant Solid Road Express LLC dba SGM Logistic breached its duty when it entrusted its Commercial Truck to a driver who did not have the requisite knowledge and training.

104.   Defendant Solid Road Express LLC dba SGM Logistic's negligent entrustment directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## RESPONDEAT SUPERIOR
## DEFENDANT SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC

105.   Plaintiff reincorporates each re-alleges each preceding paragraph as if fully set forth herein.

106.   Defendant Solid Road Express LLC dba SGM Logistic was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Solid Road Express LLC dba SGM Logistic was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

107.   At all relevant times, Defendant Mohammed Salaad Ahmed was/is an employee, agent, servant, or independent contractor for Defendant Mohammed Salaad Ahmed, and was acting within the course and scope of his employment, under the direct control of Defendant Solid Road Express LLC dba SGM Logistic.

108.   At the time of the subject collision, Defendant Mohammed Salaad Ahmed was operating a commercial vehicle under dispatch and under the authority granted to Defendant Solid Road Express LLC dba SGM Logistic by the Federal Motor carrier Safety Administration.

109.   Accordingly, Defendant Solid Road Express LLC dba SGM Logistic is vicariously liable for the negligent actions and omissions of Defendant Mohammed Salaad Ahmed under the doctrine of *Respondeat superior* and/or the rules of agency.

## NEGLIGENT HIRING
## AMAZON DEFENDANTS

110.   Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

111.   Amazon Defendants, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

112.   Amazon Defendants had an independent and direct duty to hire employees who were competent to operate commercial vehicles and understood and adhered to basic principles of safety.

113.   Amazon Defendants failed in the above-mentioned duties and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the commercial vehicle entirely within a single lane and moving the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

114.   Amazon Defendants' act of negligent hiring is individually and/or combined a proximate cause of Plaintiff's injuries because it is foreseeable that failing to act reasonably and safely in its hiring practices would cause harm to others, including Plaintiff.

115.   Amazon Defendants' negligent hiring directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT TRAINING
## AMAZON DEFENDANTS

116.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

117.    Amazon Defendants, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent, or reduce the risk of foreseeable injury or damage to others on or near the road.

118.    Amazon Defendants had an independent and direct duty to act reasonably and safely in training its employees, including Defendant Mohammed Salaad Ahmed.

119.    Amazon Defendants has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

120.    Amazon Defendants has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

121.    Amazon Defendants has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance.

122.    Amazon Defendants knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in training Defendant Mohammed Salaad Ahmed.

123.    Amazon Defendants chose not to properly train its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the vehicle entirely within a single lane and moving the vehicle from that lane without first

ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

124. Amazon Defendants' act of negligent training is individually and/or combined a direct cause of Plaintiff's injuries because but for Amazon Defendants' failure to act reasonably and safely in training Defendant Mohammed Salaad Ahmed, Plaintiff would not have been injured.

125. Amazon Defendants' act of negligent training is individually and/or combined a proximate cause Plaintiff's injuries because it is foreseeable that failing to act reasonably and safely in its training practices would cause harm to others, including Plaintiff.

126. Amazon Defendants' negligent training directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT SUPERVISION & RETENTION
## AMAZON DEFENDANTS

127. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

128. Amazon Defendants, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

129. Amazon Defendants had an independent and direct duty to act reasonably and safely in supervising its employees, including Defendant Mohammed Salaad Ahmed.

130. Amazon Defendants has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

131. Amazon Defendants has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

132. Amazon Defendants has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards.

133. Amazon Defendants knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in supervising Defendant Mohammed Salaad Ahmed.

134. Amazon Defendants knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in retaining Defendant Mohammed Salaad Ahmed.

135. Amazon Defendants chose not to supervise and enforce its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Mohammed Salaad Ahmed committed a tort against Plaintiff by failing to drive the vehicle entirely within a single lane and moved the vehicle from that lane without first ascertaining that the movement can be made with safety and collided with Plaintiff's vehicle.

136. Amazon Defendants' breach of its duties regarding retention and supervision are each individually and/or combined a direct cause of Plaintiff's injuries because but for Amazon Defendants' failure to act reasonably and safely in supervising and retaining Defendant Mohammed Salaad Ahmed, Plaintiff would not have been injured.

137. Amazon Defendants' negligent supervision and retention of its employees directly and proximately caused Plaintiff pain, discomfort, suffering, mental and

emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT MAINTENANCE

## AMAZON DEFENDANTS

138. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

139. Amazon Defendants had a duty to inspect, repair, and maintain the motor vehicles in its fleet.

140. Upon information and belief, Amazon Defendants failed in the above-mentioned duties and violated state and federal statutes and regulations.

141. Amazon Defendants' statutory violations directly and proximately caused Plaintiff injuries and damages, which have caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

142. Amazon Defendants are negligent *per se* based on these statutory and regulatory violations.

## NEGLIGENT ENTRUSTMENT

## AMAZON DEFENDANTS

143. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

144. Amazon Defendants had a duty to entrust its equipment only to drivers who had been trained in the safe operation of that equipment and who were competent in that operation.

145. Amazon Defendants had a duty to entrust its Commercial Trailer only to safe companies and drivers.

146. Amazon Defendants breached its duty when it entrusted its commercial vehicle to a driver who did not have the requisite knowledge and training.

147.   Amazon Defendants' negligent entrustment directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

**RESPONDEAT SUPERIOR**

**AMAZON DEFENDANTS**

148.   Plaintiff reincorporates each re-alleges each preceding paragraph as if fully set forth herein.

149.   Amazon Defendants was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Amazon Defendants was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

150.   At all relevant times, Defendant Mohammed Salaad Ahmed was/is an employee, agent, servant, or independent contractor for Amazon Defendants, and was acting within the course and scope of his employment, under the direct control of Amazon Defendants.

151.   At the time of the subject collision, Defendant Mohammed Salaad Ahmed was operating a commercial vehicle under dispatch and under the authority granted to Amazon Defendants by the Federal Motor carrier Safety Administration.

152.   Accordingly, Amazon Defendants is vicariously liable for the negligent actions and omissions of Defendant Mohammed Salaad Ahmed under the doctrine of *Respondeat superior* and/or the rules of agency.

**NEGLIGENCE**

**DEFENDANT MOHAMMED SALAAD AHMED**

153.   Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

154.   At all times material hereto, Defendant Mohammed Salaad Ahmed was a professional driver with a commercial driver's license ("CDL").

155.    At all times material hereto, Defendant Mohammed Salaad Ahmed was driving a commercial motor vehicle in interstate commerce and was subject to not only Arizona traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

156.    Defendant Mohammed Salaad Ahmed has a duty to perform a proper inspection of the Commercial Truck and Commercial Trailer and use the degree of care, skill and judgment which an ordinary, reasonably careful CDL professional driver would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damages.

157.    Defendant Mohammed Salaad Ahmed negligently chose to breach the duty he owed to others on or near the road, including Plaintiff, in one or more of the following ways:

      a.  Failing to perform a proper inspection of the Commercial Truck;

      b.  Failing to perform a proper inspection of the Commercial Trailer;

      c.  Driving while unfit and/or unhealthy to the point it was a danger;

      d.  Driving while distracted and/or fatigued;

      e.  Failing to drive defensively;

      f.  Driving a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances, conditions and actual and potential hazards then existing;

      g.  Failing to control the speed of his vehicle as necessary to avoid colliding with any vehicle on the highway;

      h.  Failing to drive his vehicle entirely within a single lane;

      i.  Moving his vehicle from within that lane without first ascertaining that the movement can be made with safety;

      j.  Failing to exercise reasonable care for the protection of others on the highway;

      k.  Failing to pay attention to the traffic travelling around him including a vehicle driving in the adjacent lane and same direction as Defendant

Mohammed Salaad Ahmed; and

1. Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

158. Defendant Mohammed Salaad Ahmed failed in the above-mentioned duties by failing to control his vehicle, causing a crash and was therefore negligent.

159. Defendant Mohammed Salaad Ahmed's negligence directly and proximately caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## STATUTORY VIOLATIONS

## DEFENDANT MOHAMMED SALAAD AHMED

160. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

161. Upon information and belief, Defendant Mohammed Salaad Ahmed violated state and federal statutes and regulations, including but not limited to *Arizona Revised Statues §§ 28-701, -729, -751, -754* and *49 C.F.R. §383, et seq.; §385, et seq.; §390, et seq.; §391, et seq.; §392 et seq.; §393 et seq.; §395, et seq.;* and *§396 et seq.*

162. Defendant Mohammed Salaad Ahmed's statutory violations directly and proximately caused Plaintiff's injuries and damages, which have caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

163. Defendant Mohammed Salaad Ahmed is negligent *per se* based on these statutory and regulatory violations.

/ / /

/ / /

/ / /

/ / /

## PUNITIVE DAMAGES
## AMAZON DEFENDANTS, SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC & MOHAMMED SALAAD AHMED

164.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

165.    The actions of Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed each demonstrate an evil mind, because they acted to serve their own business interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others.

166.    The actions of Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed each demonstrate an evil mind, because they consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

167.    The actions of Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed each demonstrate a conscious disregard for the rights and safety of Plaintiff and the rest of the public.

168.    The actions of Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed each directly and proximately caused Plaintiff injuries and damages, which have caused Plaintiff pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

169.    Plaintiff demands punitive damages against Amazon Defendants, Solid Road Express LLC dba SGM Logistic, and Mohammed Salaad Ahmed.

/ / /

/ / /

/ / /

## INJUNCTION

## AMAZON DEFENDANTS, SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC & MOHAMMED SALAAD AHMED

170. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

171. Pursuant to Rule 65(a), Plaintiff provides notice to Defendants regarding the destruction of evidence relating to the Commercial Truck and Commercial Trailer involved in the subject collision.

172. Plaintiff requests that Defendants refrain from the following:

    a. Removing the subject Commercial Truck and Commercial Trailer from its current location until such time as an inspection, examination, photographing of the truck.

    b. Removing the log books, electronic logs, receipts, notebooks, day planners, bills of lading, trip documents, toll payment devices, pre-pass devices, GPS units, mobile phones, certificates, registrations, and any other contents of the subject Commercial Truck and Commercial Trailer until such time as an inspection, examination, photographing of said Commercial Truck and Commercial Trailer can be completed.

    c. Removing or relocating the subject Commercial Truck and Commercial Trailer from its current location until such time as the black box, electronic control device, fleet management system, on-board computer, dash camera, and/or GPS device information can be downloaded.

    d. Removing, tampering with, altering, and deleting the data on the electronic mobile devices in the possession of the truck driver operating the subject Commercial Truck and Commercial Trailer at the time of the crash.

**WHEREFORE**, Plaintiff Mr. Ivey prays for judgment against Defendants, and each of them, as set forth hereinabove as follows:

    a) For general damages for Plaintiff in a fair, just and reasonable sum;

b) For past, present, and future medical expenses, and other special damages including but not limited to lost wages, incurred by Plaintiff in a sum according to proof;

c) For punitive damages;

d) For Plaintiff's costs incurred herein;

e) For injunctive relief;

f) For interest on damages at the statutory rate from the time incurred; and

g) For such other and further relief as the Court may deem just and proper.

DATED this 11th day of April, 2024.

**SKIVER BRADLEY, PLLC**

By:/s/ Kellen Bradley

Ryan Skiver, Esq.
Kellen Bradley, Esq.
*Attorneys for Plaintiff*

Person/Attorney Filing: Kellen Bradley
Mailing Address: 3943 East Whitton Avenue
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)626-1667
E-Mail Address: kbradley@skiverbradley.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 030055, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Demetrius Ivey
Plaintiff(s),

v.

Amazon.com Inc., a foreign
corporation, et al.
Defendant(s).

Case No. CV2024-008483

**SUMMONS**

To: Solid Road Express LLC dba SGM Logistic, a foreign corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #8679558

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *April 11, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *E. LUETKE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #8679558

Person/Attorney Filing: Kellen Bradley
Mailing Address: 3943 East Whitton Avenue
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)626-1667
E-Mail Address: kbradley@skiverbradley.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 030055, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

Demetrius Ivey
Plaintiff(s),

v.

Amazon.com Inc., a foreign
corporation, et al.
Defendant(s).

Case No. CV2024-008483

**SUMMONS**

To: Mohammed Salaad Ahmed

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *April 11, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *E. LUETKE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #8679558

Person/Attorney Filing: Kellen Bradley
Mailing Address: 3943 East Whitton Avenue
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)626-1667
E-Mail Address: kbradley@skiverbradley.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 030055, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

Demetrius Ivey
Plaintiff(s),

v.

Amazon.com Inc., a foreign
corporation, et al.
Defendant(s).

Case No. **CV2024-008483**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Kellen Bradley /s/
Plaintiff/Attorney for Plaintiff

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2024-008483                                           06/26/2024

HONORABLE TIMOTHY J. RYAN

CLERK OF THE COURT
A. Hayes
Deputy

DEMETRIUS IVEY                              KELLEN W BRADLEY

v.

AMAZON.COM INC, et al.                      AMAZON.COM INC
                                            NO ADDRESS ON RECORD

                                            JUDGE RYAN

MINUTE ENTRY

The Court has reviewed and considered Plaintiff's Motion for Alternative Service on Defendant Mohamed Salaad Ahmed and Request to Extend the Deadline for Service of Summons and Complaint, filed June 13, 2024. Good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff is permitted to serve Defendants Solid Road Express and Defendant Mohamed Salaad Ahmed by e-mailing a copy of the Complaint, Summons and Certificate of Compulsory Arbitration to Christi A. Woods with Goldstein Woods, attorney for Defendants Solid Road Express and Mohamed Salaad Ahmed.

**IT IS HEREBY FURTHER ORDERED** extending the deadline to serve Defendants Solid Road Express and Defendant Mohamed Salaad Ahmed to **September 26, 2024.**

Ryan Skiver, State Bar No. 024552
Kellen Bradley, State Bar No. 030055
**SKIVER BRADLEY, PLLC**
3943 East Whitton Avenue
Phoenix, Arizona 85018
Tel: (480) 626-1667
Fax: (480) 482-7285
rskiver@skiverbradley.com
kbradley@skiverbradley.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DEMETRIUS IVEY, individually, | Case No.: CV2024-008483 |
| Plaintiff, | |
| v. | **ACCEPTANCE OF SERVICE OF PROCESS OF SUMMONS: DEFENDANTS SOLID ROAD EXPRESS LLC DBA SGM LOGISTIC AND MOHAMED SALAAD AHMED** |
| AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign limited liability company; AMAZON.COM SERVICES, INC., a foreign corporation; AMAZON LOGISTICS, INC. a foreign corporation; AMAZON TRANSPORTATION SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., a foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a foreign corporation; MOHAMED SALAAD AHMED and JANE DOE AHMED, husband and wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and WHITE CORPORATIONS I-X, | (Assigned to the Honorable Timothy Ryan) |
| Defendants. | |

1

STATE OF ARIZONA          )
                          )
County of Maricopa        )

The undersigned, being first dully sworn upon oath, deposes and says:

1.      My name is Christi A. Woods, and I am counsel for Defendants Solid Road Express dba SGM Logistic and Mohamed Salaad Ahmed;

2.      I have personally received and acknowledge receipt of a copy of the Complaint, Certificate of Compulsory Arbitration, and Summons;

3.      I acknowledge receipt of a copy of the above, and on behalf of Defendants Solid Road Express dba SGM Logistic and Mohamed Salaad Ahmed, I agree that this action may proceed as though Defendants Solid Road Express dba SGM Logistic and Mohamed Salaad Ahmed had been personally served by the Sheriff or other person duly appointed by law to serve process in accordance with Ariz. R. Civ. P. 4(f)(2);

4.      I authorize that this acknowledgment may be filed with the Clerk of the Court.

DATED this____ day of _____, 2024.

**GOLDSTEIN WOODS**

_____
Christi A. Woods
*Attorney for Defendants Solid Road*
*Express dba SGM Logistic and*
*Mohamed Salaad Ahmed*

Original of the foregoing e-filed
this _____ day of _____, 2024:

Clerk of the Court
Maricopa County Superior Court
Via AZTurboCourt

2

Copy of the foregoing e-mailed
this _____ day of _____, 2024:

Christi A. Woods
Goldstein Woods
cwoods@gwfirmaz.com
*Attorney for Defendants Solid Road*
*Express dba SGM Logistic and*
*Mohamed Salaad Ahmed*

By:/s/ Brittany Hertko _____

Christi A. Woods (#022770)
Waco Perry (#038075)
**GOLDSTEIN WOODS**
706 E. Bell Rd., Suite 200
Phoenix, Arizona 85022
(602) 569-8200
(602) 569-8201 Fax
cwoods@gwfirmaz.com
wperry@gwfirmaz.com
meo@gwfirmaz.com
*Attorneys for Defendants*
*Solid Road Express, LLC & Mohammed Salaad Ahmed*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| DEMETRIUS IVEY, individually, | Case No. CV2024-008483 |
| Plaintiff, | |
| v. | **DEFENDANTS SOLID ROAD EXPRESS, LLC AND MOHAMMED SALAAD AHMED'S ANSWER** |
| AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign limited liability company; AMAZON.COM SERVICES, INC., a foreign corporation; AMAZON LOGISTICS, INC., a foreign corporation; AMAZON TRANSPORTATION SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., a foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a foreign corporation; MOHAMMED SALAAD AHMED and JANE DOE AHMED, husband and wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and WHITE CORPORATIONS I-X, | |
| Defendants. | |

For their Answer to Plaintiff's Complaint, Defendants, Solid Road Express, LLC (hereinafter "Defendant Solid Road Express") and Mohammed Salaad Ahmed

1

1  (hereinafter "Defendant Ahmed), (hereinafter collectively referred to as "Defendants"),

2  by and through undersigned counsel, hereby admit, deny and allege as follows:

3      1.    Defendants are without information sufficient to form a belief as to the

4  truthfulness of the allegations contained in Paragraph 1 and therefore deny same.

5      2.    Defendants deny the allegations contained in Paragraph 2 of Plaintiff's

6  Complaint.

7      3.    As to the allegations contained in Paragraph 3 of Plaintiff's Complaint,

8  Defendants admit the truck-tractor referenced in Paragraph 3 of Plaintiff's Complaint is

9  owned by Defendant Solid Road Express.  Defendants admit Defendant Ahmed was the

10  driver of this vehicle during the subject incident. Defendants deny the remaining

11  allegations contained in Paragraph 3 of Plaintiff's Complaint.

12      4.    As to the allegations contained in Paragraph 4 of Plaintiff's Complaint,

13  Defendants admit there was an impact between the vehicles. Defendants deny the

14  remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

15      5.    Defendants are without information sufficient to form a belief as to the

16  truthfulness of the allegations contained in Paragraph 5 and therefore deny same.

17      6.    As to the allegations contained in Paragraph 6 of Plaintiff's Complaint,

18  Defendants admit Defendant Solid Road Express is a foreign corporation. Defendants

19  deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

20      7.    Defendants admit the allegations contained in Paragraph 7 of Plaintiff's

21  Complaint.

22      8.    Defendants admit the allegations contained in Paragraph 8 of Plaintiff's

23  Complaint.

24      9.    Defendants admit the allegations contained in Paragraph 9 of Plaintiff's

25  Complaint.

26

10.     Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     As to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendants admit Defendant Ahmed was an employee of Defendant Solid Road Express. Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     As to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Defendants admit Defendant Ahmed was pulling a trailer with the "Amazon" logo and Idaho license plate "TL9480". However, Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore deny same.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. It is Defendants' contention that Paragraph 22 of Plaintiff's Complaint consists solely of statement of law requiring neither admission or denial from Defendants.

23. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 23 and therefore deny same.

24. Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 26 and therefore deny same.

27. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 27 and therefore deny same.

28. It is Defendants' contention that Paragraph 28 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

29. It is Defendants' contention that Paragraph 29 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

30. It is Defendants' contention that Paragraph 30 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

31. It is Defendants' contention that Paragraph 31 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

32. It is Defendants' contention that Paragraph 32 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

4

33.     It is Defendants' contention that Paragraph 33 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

34.     It is Defendants' contention that Paragraph 34 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

35.     It is Defendants' contention that Paragraph 35 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

36.     It is Defendants' contention that Paragraph 36 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

37.     It is Defendants' contention that Paragraph 37 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

38.     It is Defendants' contention that Paragraph 38 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

39.     It is Defendants' contention that Paragraph 39 of Plaintiff's Complaint contains no allegations requiring either admission or denial from Defendants.

40.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 40 and therefore deny same.

41.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 41 and therefore deny same.

42.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 42 and therefore deny same.

43.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43 and therefore deny same.

44.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 44 and therefore deny same.

45.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 45 and therefore deny same.

46.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 46 and therefore deny same.

47.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 47 and therefore deny same.

48.     As to the allegations contained in Paragraph 48 of Plaintiff's Complaint, the term "control" in Paragraph 48 of Plaintiff's Complaint is ambiguous. Therefore, Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore deny same.

49.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 49 and therefore deny same.

50.     Defendants admit the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     As to the allegations contained in Paragraph 51 of Plaintiff's Complaint, Defendant Solid Road Express admits it must create policies and procedures consistent with all applicable DOT regulations. However, Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore deny same.

52.     As to the allegations contained in Paragraph 52 of Plaintiff's Complaint, Defendants admit Defendant Solid Road Express owns the subject commercial truck and that Defendant Ahmed was the driver of same. Defendant Ahmed admits to driving in the number three (3) lane and proceeding onto the exit. Defendants deny the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

1    54.    Defendants admit the allegations contained in Paragraph 54 of Plaintiff's
2  Complaint.
3    55.    Defendants deny the allegations contained in Paragraph 55 of Plaintiff's
4  Complaint.
5    56.    Defendants deny the allegations contained in Paragraph 56 of Plaintiff's
6  Complaint.
7    57.    Defendants deny the allegations contained in Paragraph 57 of Plaintiff's
8  Complaint.
9    58.    Defendants deny the allegations contained in Paragraph 58 of Plaintiff's
10  Complaint.
11    59.    Defendants deny the allegations contained in Paragraph 59 of Plaintiff's
12  Complaint.
13    60.    Defendants deny the allegations contained in Paragraph 60 of Plaintiff's
14  Complaint.
15    61.    Defendants deny the allegations contained in Paragraph 61 of Plaintiff's
16  Complaint.
17    62.    Defendants deny the allegations contained in Paragraph 62 of Plaintiff's
18  Complaint.
19    63.    Defendants admit the allegations contained in Paragraph 63 of Plaintiff's
20  Complaint.
21    64.    Defendants deny the allegations contained in Paragraph 64 of Plaintiff's
22  Complaint.
23    65.    Defendants deny the allegations contained in Paragraph 65 of Plaintiff's
24  Complaint.
25    66.    Defendants deny the allegations contained in Paragraph 66 of Plaintiff's
26  Complaint.

1      67.    Defendants are without information sufficient to form a belief as to the
2  truthfulness of the allegations contained in Paragraph 67 and therefore deny same.

3      68.    Defendants admit the allegations contained in Paragraph 68 of Plaintiff's
4  Complaint.

5      69.    Defendants admit the allegations contained in Paragraph 69 of Plaintiff's
6  Complaint.

7      70.    Defendants deny the allegations contained in Paragraph 70 of Plaintiff's
8  Complaint.

9      71.    Defendants deny the allegations contained in Paragraph 71 of Plaintiff's
10  Complaint.

11      72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiff's
12  Complaint.

13      73.    Defendants are without information sufficient to form a belief as to the
14  truthfulness of the allegations contained in Paragraph 73 and therefore deny same.

15      74.    Defendants admit the allegations contained in Paragraph 74 of Plaintiff's
16  Complaint.

17      75.    Defendants admit the allegations contained in Paragraph 75 of Plaintiff's
18  Complaint.

19      76.    Defendants admit to having certain duties in connection with the operation
20  of motor carriers. Defendants are without information sufficient to form a belief as to the
21  truthfulness of the remaining allegations contained in Paragraph 76 of Plaintiff's
22  Complaint and therefore deny same.

23      77.    Defendants admit to having certain duties in connection with the operation
24  of motor carriers. Defendants are without information sufficient to form a belief as to the
25  truthfulness of the remaining allegations contained in Paragraph 77 of Plaintiff's
26  Complaint and therefore deny same.

78.     Defendants admit the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 84 and therefore deny same.

85.     Defendants admit the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     Defendants admit the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 87 of Plaintiff's Complaint and therefore deny same.

88.     Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 88 of Plaintiff's Complaint and therefore deny same.

89.     Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint and therefore deny same.

90.     Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 95 and therefore deny same.

96.     Defendants admit the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 100 and therefore deny same.

101.     Defendants admit the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.     Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 102 of Plaintiff's Complaint and therefore deny same.

103.     Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.     Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 105 and therefore deny same.

106.     Defendants admit the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.     Defendants admit the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.     Defendants admit to having certain duties in connection with the operation of motor carriers. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 108 of Plaintiff's Complaint and therefore deny same.

109.     As to the allegations contained in Paragraph 109 of Plaintiff's Complaint, Defendants admit Defendant Mohammed Salaad Ahmed was an employee of Defendant Solid Road Express, LLC. Defendants deny the remaining allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.     Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 110 and therefore deny same.

11

1  111.  Defendants are without information sufficient to form a belief as to the
2  truthfulness of the allegations contained in Paragraph 111 and therefore deny same.

3  112.  Defendants are without information sufficient to form a belief as to the
4  truthfulness of the allegations contained in Paragraph 112 and therefore deny same.

5  113.  As to the allegations contained in Paragraph 113 of Plaintiff's Complaint,
6  Defendants deny Defendant Ahmed committed a tort against Plaintiff. Defendants are
7  without information sufficient to form a belief as to the truthfulness of the remaining
8  allegations contained in Paragraph 113 of Plaintiff's Complaint and therefore deny same.

9  114.  Defendants are without information sufficient to form a belief as to the
10  truthfulness of the allegations contained in Paragraph 114 and therefore deny same.

11  115.  Defendants are without information sufficient to form a belief as to the
12  truthfulness of the allegations contained in Paragraph 115 and therefore deny same.

13  116.  Defendants are without information sufficient to form a belief as to the
14  truthfulness of the allegations contained in Paragraph 116 and therefore deny same.

15  117.  Defendants are without information sufficient to form a belief as to the
16  truthfulness of the allegations contained in Paragraph 117 and therefore deny same.

17  118.  Defendants are without information sufficient to form a belief as to the
18  truthfulness of the allegations contained in Paragraph 118 and therefore deny same.

19  119.  Defendants are without information sufficient to form a belief as to the
20  truthfulness of the allegations contained in Paragraph 119 and therefore deny same.

21  120.  Defendants are without information sufficient to form a belief as to the
22  truthfulness of the allegations contained in Paragraph 120 and therefore deny same.

23  121.  Defendants are without information sufficient to form a belief as to the
24  truthfulness of the allegations contained in Paragraph 121 and therefore deny same.

25  122.  Defendants are without information sufficient to form a belief as to the
26  truthfulness of the allegations contained in Paragraph 122 and therefore deny same.

123. As to the allegations contained in Paragraph 123 of Plaintiff's Complaint, Defendants deny Defendant Ahmed committed a tort against Plaintiff. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 123 of Plaintiff's Complaint and therefore deny same.

124. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 124 and therefore deny same.

125. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 125 and therefore deny same.

126. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 126 and therefore deny same.

127. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 127 and therefore deny same.

128. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 128 and therefore deny same.

129. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 129 and therefore deny same.

130. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 130 and therefore deny same.

131. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 131 and therefore deny same.

132. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 132 and therefore deny same.

133. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 133 and therefore deny same.

134. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 134 and therefore deny same.

135. As to the allegations contained in Paragraph 135 of Plaintiff's Complaint, Defendants deny that Defendant Ahmed committed a tort against Plaintiff. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 135 of Plaintiff's Complaint and therefore deny same.

136. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 136 and therefore deny same.

137. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 137 and therefore deny same.

138. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 138 and therefore deny same.

139. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 139 and therefore deny same.

140. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 140 and therefore deny same.

141. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 141 and therefore deny same.

142. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 142 and therefore deny same.

143. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 143 and therefore deny same.

144. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 144 and therefore deny same.

145. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 145 and therefore deny same.

146. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 146 and therefore deny same.

147.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 147 and therefore deny same.

148.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 148 and therefore deny same.

149.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 149 and therefore deny same.

150.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 150 and therefore deny same.

151.    Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 152 and therefore deny same.

153.    Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 153 and therefore deny same.

154.    Defendants admit the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155.    Defendants admit the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.    Defendants admit the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of Plaintiff's Complaint.

160. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 160 and therefore deny same.

161. Defendants deny the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162. Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 164 and therefore deny same.

165. Defendants deny the allegations contained in Paragraph 165 of Plaintiff's Complaint.

166. Defendants deny the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167. Defendants deny the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168. Defendants deny the allegations contained in Paragraph 168 of Plaintiff's Complaint.

169. It is Defendants' contention that Paragraph 169 of Plaintiff's Complaint contains no allegations requiring either an admission or denial from Defendants.

170. Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 170 and therefore deny same.

171. It is Defendants' contention that Paragraph 171 of Plaintiff's Complaint contains no allegations requiring either an admission or denial from Defendants.

172. It is Defendants' contention that Paragraph 172 of Plaintiff's Complaint contains no allegations requiring either an admission or denial from Defendants.

1    Defendants deny each and every allegation contained in Plaintiff's Complaint not
2  heretofore expressly admitted herein.

3    As a further and affirmative defense, Defendants allege that Plaintiff's damages
4  were proximately caused or contributed to by Plaintiff's and/or a non-party's negligence,
5  and Plaintiff's claims should be barred or reduced to the extent of such negligence.
6  Alternatively, Defendants alleges those affirmative defenses as set forth in Rules 8 and
7  12, Ariz.R.Civ.P., including but not limited to contributory and comparative negligence.

8    WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that
9  same be dismissed as to Defendants.

10    Dated this 25th day of July, 2024.

11                    **GOLDSTEIN WOODS**

12              By:  /s/ *Waco Perry*
13                    Christi A. Woods
                      Waco Perry
14                    706 E. Bell Rd., Suite 200
                      Phoenix, Arizona 85022
15                    *Attorneys for Defendants*
                      *Solid Road Express, LLC*
16                    *& Mohammed Salaad Ahmed*

17

ORIGINAL of the foregoing filed
this 25th day of July, 2024,
with the Clerk of the Superior Court

COPY of the foregoing mailed
this 25th day of July, 2024, to:

Ryan Skiver
Kellen Bradley
SKIVER BRADLEY, PLLC
3943 East Whitton Avenue
Phoenix, Arizona 85018
rskiver@skiverbradley.com
kbradley@skiverbradley.com
*Attorneys for Plaintiff*

By:   /s/ Diane Arroyo
Prog/Solid Road Express/Pldgs        3060-1069

18

Christi A. Woods (#022770)
Waco Perry (#038075)
**GOLDSTEIN WOODS**
706 E. Bell Rd., Suite 200
Phoenix, Arizona 85022
(602) 569-8200
(602) 569-8201 Fax
cwoods@gwfirmaz.com
wperry@gwfirmaz.com
meo@gwfirmaz.com
*Attorneys for Defendants*
*Solid Road Express, LLC & Mohammed Salaad Ahmed*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DEMETRIUS IVEY, individually,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign limited liability company; AMAZON.COM SERVICES, INC., a foreign corporation; AMAZON LOGISTICS, INC., a foreign corporation; AMAZON TRANSPORTATION SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., a foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a foreign corporation; MOHAMMED SALAAD AHMED and JANE DOE AHMED, husband and wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and WHITE CORPORATIONS I-X,<br><br>Defendants. | Case No. CV2024-008483<br><br>**CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought by Plaintiff, including punitive damages, but excluding interest, attorneys' fees and costs, exceeds the limits set

by local rules for compulsory arbitration, Rules 72-77 of the Arizona Rules of Civil Procedure. Therefore, this case **is NOT subject** to compulsory arbitration.

Dated this 25th day of July, 2024.

**GOLDSTEIN WOODS**

By: ___/s/ *Waco Perry*___
Christi A. Woods
Waco Perry
706 E. Bell Rd., Suite 200
Phoenix, Arizona 85022
*Attorneys for Defendants*
*Solid Road Express, LLC*
*& Mohammed Salaad Ahmed*

ORIGINAL of the foregoing filed
this 25th day of July, 2024,
with the Clerk of the Superior Court

COPY of the foregoing mailed
this 25th day of July, 2024, to:

Ryan Skiver
Kellen Bradley
SKIVER BRADLEY, PLLC
3943 East Whitton Avenue
Phoenix, Arizona 85018
rskiver@skiverbradley.com
kbradley@skiverbradley.com
*Attorneys for Plaintiff*

By: ___/s/ Diane Arroyo___
Prog/Solid Road Express/Pldgs         3060-1069

2

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
7/25/2024 10:23:03 AM
Filing ID 18215822

1  Christi A. Woods (#022770)
   Waco Perry (#038075)
2  **GOLDSTEIN WOODS**
   706 E. Bell Rd., Suite 200
3  Phoenix, Arizona 85022
   (602) 569-8200
4  (602) 569-8201 Fax
5  cwoods@gwfirmaz.com
   wperry@gwfirmaz.com
6  meo@gwfirmaz.com
   *Attorneys for Defendants*
7  *Solid Road Express, LLC & Mohammed Salaad Ahmed*

8
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9
**IN AND FOR THE COUNTY OF MARICOPA**

10

| | |
|---|---|
| 11  DEMETRIUS IVEY, individually, | Case No. CV2024-008483 |
| 12                    Plaintiff, | |
| 13  v. | **DEMAND FOR JURY TRIAL** |
| 14  AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign limited | |
| 15  liability company; AMAZON.COM SERVICES, INC., a foreign corporation; | |
| 16  AMAZON LOGISTICS, INC., a foreign corporation; AMAZON TRANSPORTATION | |
| 17  SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., | |
| 18  a foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a | |
| 19  foreign corporation; MOHAMMED SALAAD AHMED and JANE DOE AHMED, husband | |
| 20  and wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and | |
| 21  WHITE CORPORATIONS I-X, | |
| 22                    Defendants. | |

23    Defendants, SOLID ROAD EXPRESS, LLC and MOHAMMED SALAAD AHMED,

24  by and through undersigned counsel, hereby demand a trial by jury in the above-referenced

25  cause of action.

26  / / /

1

Dated this 25th day of July, 2024.

**GOLDSTEIN WOODS**

By: ___/s/ Waco Perry_____
            Christi A. Woods
            Waco Perry
            706 E. Bell Rd., Suite 200
            Phoenix, Arizona 85022
            *Attorneys for Defendants*
            *Solid Road Express, LLC*
            *& Mohammed Salaad Ahmed*

ORIGINAL of the foregoing filed
this 25th day of July, 2024,
with the Clerk of the Superior Court

COPY of the foregoing mailed
this 25th day of July, 2024, to:

Ryan Skiver
Kellen Bradley
SKIVER BRADLEY, PLLC
3943 East Whitton Avenue
Phoenix, Arizona 85018
rskiver@skiverbradley.com
kbradley@skiverbradley.com
*Attorneys for Plaintiff*


By: ___/s/ Diane Arroyo_____
Prog/Solid Road Express/Pldgs     3060-1069

2

# EXHIBIT "E"

NOTICE OF REMOVAL FROM STATE COURT

Christi A. Woods (#022770)
Waco Perry (#038075)
**GOLDSTEIN WOODS**
706 E. Bell Rd., Suite 200
Phoenix, Arizona 85022
(602) 569-8200
(602) 569-8201 Fax
cwoods@gwfirmaz.com
wperry@gwfirmaz.com
meo@gwfirmaz.com
*Attorneys for Defendants*
*Solid Road Express, LLC & Mohammed Salaad Ahmed*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Demetrius Ivey, individually, | Case No. |
| Plaintiff, | **AFFIDAVIT OF** |
| | **WACO PERRY, ESQ** |
| v. | |
| Amazon.com, Inc., a foreign corporation; Amazon.com, LLC, a foreign limited liability company; Amazon.com Services, Inc., a foreign corporation; Amazon Logistics, Inc., a foreign corporation; Amazon Transportation Services, Inc., a foreign corporation; Amazon Fulfillment Service, Inc., a foreign corporation; Solid Road Express, LLC dba SGM Logistic, a foreign corporation; Mohammed Salaad Ahmed and Jane Doe Ahmed, husband and wife; John Does and Jane Does II-X; Black Corporations I-X; and White Corporations I-X, | |
| Defendants. | |

I, Waco Perry, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1

1      1.     I am one of the attorneys of record for Defendants, Solid Road Express,

2 LLC and Mohammed Salaad Ahmed, in this case.

3      2.     I verify that, to the best of my knowledge and belief, Exhibit D to the

4 Defendant's Notice of Removal contains true and complete copies of all pleadings and

5 other documents of this date, in the case of entitled *DEMETRIUS IVEY, individually,*

6 *Plaintiff, v. AMAZON.COM INC., a foreign corporation; AMAZON.COM LLC, a foreign*

*limited liability company; AMAZON.COM SERVICES, INC., a foreign corporation;*

7 *AMAZON LOGISTICS, INC., a foreign corporation; AMAZON TRANSPORTATION*

8 *SERVICES, INC., a foreign corporation; AMAZON FULFILLMENT SERVICE, INC., a*

9 *foreign corporation; SOLID ROAD EXPRESS LLC dba SGM LOGISTIC, a foreign*

10 *corporation; MOHAMMED SALAAD AHMED and JANE DOE AHMED, husband and*

11 *wife; JOHN DOES and JANE DOES II-X; BLACK CORPORATIONS I-X; and WHITE*

12 *CORPORATIONS I-X, Defendants.*, Case No. CV2024-008483, while the case was

13 pending in the Maricopa County Superior Court.

14      3.     All named Defendants in the above-entitled action conferred and consented

15 to Removal pursuant to 28 U.S.C. § 1446(b)(2).

16      Dated this *25th* day of July, 2024.

17                 **GOLDSTEIN WOODS**

18

19             By: _____

20                Waco Perry
                  706 E. Bell Rd., Suite 200

21                Phoenix, Arizona 85022
                  *Attorneys for Defendants*

22                *Solid Road Express, LLC &*
                  *Mohammed Salaad Ahmed*

23

24      SUBSCRIBED AND SWORN to before me this *25* day of July, 2024, by Waco

Perry.

25

26                       _____
                       Notary Public

JILL V. MONAHAN
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 666237
Expires April 19, 2028

2